UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV 19  P 4: 51

US DISTRICT COURT
HARTFORD CT

GERALD CODERRE

v.                              PRISONER
                        Case No. 3:02cv1096 (RNC)(DFM)

DR. EDWARD BLANCHETTE

RULING ON PENDING MOTIONS

Pending before the court are the following plaintiff's motions: (1) motion for appointment of counsel, (2) motion for documents and (3) motion for professional consultation. For the reasons set forth below, the motions are denied.

I.  Motion for Appointment of Counsel [doc. # 33]

The plaintiff asks the court to appoint pro bono counsel pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff has made sufficient attempts to obtain pro bono representation from a private law firm. He also indicates that he has made an attempt to contact the Inmates' Legal Assistance Program, but an attorney informed him that the Program could not represent him. Despite declining to represent the plaintiff, the Inmates' Legal Assistance Program might be available to give him assistance in answering questions

concerning discovery, researching legal issues and drafting motions and memoranda. Therefore, because the Program might be available to provide legal assistance to the plaintiff, his motion for appointment of counsel is denied without prejudice.[1]

IV. Motion for Free Copies of Documents [doc. # 46]

The plaintiff seeks free copies of various court documents. Although the plaintiff was permitted to file his complaint in forma pauperis, this status only relieves him of the cost of filing his action. He is not automatically entitled to copies or other materials. See Guinn v. Hoecker, No. 94-1257, 1994 WL 702684 (10th Cir. Dec. 15, 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), cert. denied, 514 U.S. 1118 (1995); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

Here, the plaintiff does not indicate the reason he seeks copies of court documents. He also has failed to provide sufficient evidence to support his claim that he lacks the

---

[1] If the plaintiff files another motion for appointment of counsel, he should include in the motion a summary of his efforts to obtain legal assistance from the Inmates' Legal Assistance Program. If that program does not provide him legal assistance, the plaintiff should include the reasons the Program declined to provide legal assistance.

necessary funds to pay for the copies. Thus, the plaintiff's motion is denied without prejudice.[2]

V.   Motion for Professional Consultation [doc. # 28]

The plaintiff seeks a court order for a free independent medical examination by a gastroenterologist. Although the plaintiff has been granted permission to file his action in forma pauperis, 28 U.S.C. § 1915 does not authorize payment of such an expense by the court. See Kruitbosch v. Van De Veire, No. 91-4200, 1992 WL 313121, at *1 (10th Cir. Oct. 23, 1992) (upholding district court's determination that it had no authority to order free independent mental examination of plaintiff in case filed pursuant to 28 U.S.C. § 1915); Beard v. Stephens, 372 F.2d 685 (5th Cir. 1967) (in forma pauperis status does not encompass affirmative assistance in conducting civil case); Eckmyre v. Lambert, No. Civ. A. 87-2222-O, 1998 WL 573858 (D. Kan. Sept. 6, 1988) ("Generally, the party being examined must pay her own expenses for coming to the examination . . . .") (citing cases); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this Court to

---

[2] If the plaintiff seeks to renew his motion for copies of documents, he must identify the documents he seeks to copied, state why he needs the copies and provide evidence, in the form of a certified prison account statement, demonstrating that he cannot afford the cost of copying the documents. The cost of copying court documents is 50 cents per page. To aid the plaintiff in identifying documents, the court will forward to the plaintiff a copy of the docket.

3

order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."). The plaintiff provides no other rule or statute authorizing the court to order and pay for a physical examination of a party in a civil action. Accordingly, the plaintiff's motion for a free medical examination is denied without prejudice.

Conclusion

The plaintiff's motions for appointment of counsel [doc. # 33], for free copies [doc. # 46] and for a professional consultation [doc. # 28] are DENIED without prejudice.

The Clerk of the Court is directed to send the plaintiff a copy of a docket sheet with a copy of this ruling.

SO ORDERED this 19th day of November, 2003 at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge