① UNITED STATES
DISTRICT
COURT

FILED

Coderre
    V.
Pesanti et Al.

civ MAT#3:021096 (RNC)(DFM)

Dec 18, 2003

## Motion For Counsel

Enclosed you will Find 4 Letterheads 2 From InMates' Legal Assistance Attorney Richard Cahill Determining that My Medical Record Presents A Prima-Facie Case and The Facts That Present The civil Rights violation According to My Medical chart.

Enclosed is 2 Additional Letters one dated July 24, 2003 To Joseph M. Pastore asking For Representation He said They take on Cases' such as this if asked By the Federal Court.
I Again wrote Joseph M. Pastore on December 8, 2003 Again Asking For Representation with the Letters From I.L.A.P His Response Again was as is Highlighted.

I am asking The Court to Make Refrence to This Matter and ReQuest To Joseph M.

②

Coderre
  v.        3:02cv1096 (RNC)(DFM)
Pesanti

Pastore of The Law Firm Brown/Raysman To Represent The Plaintiff in This Civil Matter As is indicated in The Letters

I RespectFully ask The Court To Consider The Motion and Request This Law Firm To Represent The Plaintiff

Plaintiff ___[signature]___
Gerald Coderre

certification

A Copy of The Foregoing was Mailed To The Defendants Counsel on 12/18/03

TO: ANN E, Lynch A-A-G
110 Sherman st
Macenzie Hall
HartFord, cT 06105

___[signature]___
By: Gerald Coderre #245210
Osborn C.I
P.O Box 100 Bilten Rd
Somers, cT 06071

LAW OFFICES
OF
SYDNEY T. SCHULMAN

INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

October 10, 2003

Mr. Gerald Coderre
#245210
Osborn CI
335 Bilton Road
P.O. Box 100
Somers, CT 06071

Dear Mr. Coderre:

    Thank you for an undated letter and for letters dated September 25 and October 7, 2003. The letters were received, respectively, on September 30, October 1 and October 8, 2003.

    We have completed our review of your medical records. In our opinion, the records provide evidence to support the civil rights suit you have filed in regard to lack of treatment for Hepatitis C. Since you have presented a prima facie case, Inmates' Legal Assistance Program (ILAP) will provide help with your suit. As you know, the help we provide will not include actual representation in court because our contract does not include representation of male inmates before any court or administrative body. The most important type of help I can provide is preparing responses to dispositive motions filed by the defendants, such as a motion to dismiss or a motion for summary judgment. The time frame for responding to such a motion is only 21 days. During that three-week period, we must file either a memorandum of law in opposition to the defendants' motion or a motion for extension of time to file the memorandum. If you receive a motion from the defendants, please send it to me as soon as possible. Remember, I do not have an appearance in the case and, therefore, I will not know that a motion has been filed unless you tell me about it.

    Enclosed with your most recent correspondence was a letter from Assistant Attorney General Ann E. Lynch, who represents the defendants in your suit. Attorney Lynch asked if you have a settlement demand. You should respond to Attorney Lynch's inquiry. I cannot tell you what figure to use when you contact Attorney Lynch. You have to decide how much you want to settle the case. You should not give Attorney Lynch the bottom-line figure that you are willing to

Mr. Gerald Coderre
October 10, 2003
Page -2-

accept. If you use a higher figure, there will be room for negotiation. But if the figure you use is unreasonably high, Attorney Lynch will not negotiate at all.

In the letter received on September 30, you said the Interferon you receive is drawn up ahead of time, instead of in front of you. You asked whether you should refuse the next injection if this practice continues. If you do that, you run the risk of negatively affecting the course of treatment. You have complained about the practice, and Dr. Gittzus has told you it will be corrected. I hope it has been corrected.

Pursuant to your request, enclosed you will find the original and two sets of copies of the portion of a brief that you sent with your September 25 letter. Also enclosed are the other documents you sent in the letters to which I am responding. I have retained copies in your ILAP file.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Richard P. Cahill
Attorney at law

Enclosures

**LAW OFFICES
OF
SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

November 13, 2003

Mr. Gerald Coderre
#245210
Osborn CI
335 Bilton Road
P.O. Box 100
Somers, CT 06071

Dear Mr. Coderre:

Thank you for your letters dated October 16, October 27, October 29, October 31 and November 6, 2003, and for an undated piece of correspondence. They were received, respectively, on October 20, October 29, October 31, November 3, November 10 and November 10, 2003.

In the earliest letter to which I am responding, you asked about the basis for my conclusion that you have presented a prima facie case in regard to lack of treatment for Hepatitis C. The primary basis for my conclusion was a Utilization Review Committee (URC) review report dated June 26, 2001, in which the URC stated that you were not a candidate for Interferon treatment. Our reviewer reports that you met the clinical criteria for treatment at that time. She says you should have had complete blood work and a liver biopsy at that time in order to determine whether you were a candidate for treatment. Instead, the URC denied a request for a gastrointestinal consultation on the basis that you had refused to participate in a substance abuse course. Even if such a reason could justify the denial of medical treatment, it should not have resulted in a denial in your case because you have told me that you were willing to participate in a substance abuse program.

You wrote again about gaps in the medical records that we received. However, in a telephone conversation this afternoon, you told me that Assistant Attorney General Ann E. Lynch told you at a recent deposition that she would send a complete set of your medical records to you.

In the letter dated October 29, you offered a theory that the failure to provide you with Interferon treatment was an equal protection violation because you, as a member of a class of

Mr. Gerald Coderre
November 13, 2003
Page -2-

inmates who are drug dependent, were treated differently than inmates who are not drug dependent. In other words, Interferon treatment for inmates who did not have a history of drug abuse was not conditioned upon their completion of a substance abuse program. I believe your theory is valid because an equal protection argument may be combined with a claim that a substantive constitution right is being violated. In your case, the substantive right in question is the Eighth Amendment right to be free from cruel and unusual punishment. The URC's conditioning of Interferon treatment upon completion of a substance abuse program constitutes deliberate indifference to a serious medical need, in violation of the Eighth Amendment.

   In the letter dated October 31, you requested assistance in preparing a motion to strike a deposition that you gave. I know of no grounds for such a motion. You made it clear on the record that Attorney Lynch had not provided you with some of your early medical records, in contradiction to what she told the court in a memorandum. If she asked you a question for which you did not know the answer (either because you did not have the records or for some other reason), your proper course of action was to simply say that you did not know the answer. During today's telephone conversation, you indicated that you did so.

   You sent requests for admissions to Attorney Lynch. In the future, I would be happy to prepare discovery requests on your behalf.

   Enclosed are all of the documents you sent in the letters to which I am responding. I have retained copies in your file.

Mr. Gerald Coderre
November 13, 2003
Page -3-

If I can be of any further legal assistance, please do not hesitate to contact me.

Very truly yours,

Richard P. Cahill
Attorney at law

Enclosures

# BR⦿WN RAYSMAN

**BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP**

Joseph M. Pastore III
partner
860-275-6426
jpastore@brownraysman.com

July 24, 2003

Mr. Gerald Coderre
#245210
Osborn Correctional Institution
P.O. Box 100
Somers, CT 06071

       Re:    <u>Potential Litigation</u>

Dear Mr. Coderre:

       Thank you for your letter that we received in our office on July 24, 2003, wherein you are asking our firm to represent you in connection with the above-referenced matter. We accept representation such as this when requested by the Federal Courts. We suggest you write to the Clerk of the Court – Pro Bono Administration and request counsel. We wish you success in your endeavor to obtain legal representation.

                                 Very truly yours,

                                   Joseph M. Pastore III

JMP:jpl

# BROWN RAYSMAN

BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP

Joseph M. Pastore III
partner
860-275-6426
jpastore@brownraysman.com

December 8, 2003

Mr. Gerald Coderre
#245210
Osborn Correctional Institution
P.O. Box 100
Somers, CT 06071

    Re:  Potential Litigation

Dear Mr. Coderre:

  Thank you for your letter that we received in our office on December 3, 2003, wherein you are asking our firm to represent you in connection with the above-referenced matter. We accept representation such as this **when requested by the Federal Courts**. We suggest you write to the Clerk of the Court – Pro Bono Administration and request counsel. We cannot represent you unless requested to do so by the Court. We wish you success in your endeavor to obtain legal representation.

          Very truly yours,

          Joseph M. Pastore III

JMP:jpl