BRIAN D. McQUEEN, PRO SE, TDCJ-ID # 631997, Plaintiff, v.TIMOTHY REVELL, Dr., Individually, WILLIAM E. GONZALEZ, M.D., Individually,DAVID BASSE, M.D., Individually, CHARLES RIDGE, Dr., Individually, CARTER KARR,M.D., Individually, Dr. DAVIS, Individually, Dr. KAHADERIA, Individually, JOHNBAINES, Individually, PAUL SU TENORIO, Individually, PATRICIA GARISON,Individually, ROMALEE BARBAREE, Individually, MARIA GLORIA, Individually, TAMMYURANGA, Individually, CHARLIE ADAMS, Individually, KATHLEEN OLDHAM,Individually, LATRICIA HEREDIA, Individually, LANNETTE LINTHICUM, Dr.,Individually and in her Official Capacity, ROCHELLE McKINNEY, Individually andin her Official Capacity, Dr. NGUYEN, Individually and in her Official Capacity,GLENN McFERRON, M.D., Individually and in her Official Capacity, JOHN SIMMS,Dr., Individually and in her Official Capacity, KEITH PRICE, Individually and inher Official Capacity, Defendants.
2:01-CV-0088

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OFTEXAS, AMARILLO DIVISION

2001 U.S. Dist. LEXIS 17155

October 22, 2001, Decided
October 22, 2001, Filed, Entered

DISPOSITION: [*1] Recommended that this Magistrate Judge to the United States District Judge that the civil rights claims asserted by plaintiff BRIAN D. McQUEEN be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff inmate, acting pro se, filed suit pursuant to *42 U.S.C.S. § 1983* against defendants various prison employees, complaining of the medical care that he received for a variety of conditions. The inmate requested injunctive relief requiring prison officials to provide him the medical care he felt was necessary, as well as compensatory and punitive damages.

OVERVIEW: The magistrate judge reviewed the inmate's pleadings and attachments to determine if his claim presented grounds for dismissal or should have proceeded to answer by defendants. The inmate stated claims of untreated hepatitis C, untreated nodules, and delays in treatment of a nasal infection and the receipt of a diet for hypoglycemia. The inmate's own allegations showed that he was not subjected to deliberate indifference concerning his hepatitis C and his nodules. Instead, he disagreed with the recommended treatment and refused to consent. If the inmate refused treatment, the failure to render such treatment did not constitute deliberate indifference. As to his nasal infection, the fact that he suffered headaches and dizziness while waiting to see a physician did not constitute substantial harm. Further, during institutional lockdown, some medical needs may be delayed; if the need was not an emergency for which delay produced substantial harm, the delay was not deliberate indifference. The inmate alleged no fact to indicate the delay regarding his hypoglycemia was the result of deliberate indifference and presented no allegation of resulting substantial harm.

OUTCOME: The magistrate judge recommended that the civil rights claims asserted by the inmate be dismissed with prejudice as frivolous.

CORE TERMS: medication, psychiatric, deliberate indifference, infection, nodule, frivolous, complains, nurse, prison, prisoner, recommendation, hypoglycemia, doctor, nasal, arguable, medical care, dietician, diagnosed, lockdown, diet, medical treatment, discontinuation, appointment, antibiotic, grievance, untreated, Eighth Amendment, sick call, administer, clearance

LexisNexis (TM) HEADNOTES - Core Concepts:

Criminal Law & Procedure: Postconviction Proceedings: Imprisonment & Prisoner Rights
[HN1] When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the court may evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *42 U.S.C.S. 1997e*(c)(1). A Spears hearing need not be conducted for every pro se complaint.

Civil Procedure: Pleading & Practice: Pleadings: Interpretation
[HN2] A claim is frivolous if it lacks an arguable basis in law or in fact.

Constitutional Law: Cruel & Unusual Punishment
Constitutional Law: Civil Rights Enforcement: Civil Rights Act of 1871: Coverage
[HN3] Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under *42 U.S.C.S. § 1983*. Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety; however, the due process clause protects an individual's right to refuse even life-saving treatment, if such treatment is unwanted. Not every claim of inadequate or improper medical treatment is a violation of the United States Constitution, nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. Merely alleging that a prison doctor should have undertaken additional diagnostic measures does not elevate a claim to constitutional dimension.

Constitutional Law: Cruel & Unusual Punishment
[HN4] A delay which does not aggravate or exacerbate the medical condition does not constitute a constitutional violation. A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm.

COUNSEL: BRIAN D MCQUEEN, plaintiff, Pro se, Amarillo, TX USA.

JUDGES: CLINTON E. AVERITTE, UNITED STATES MAGISTRATE JUDGE.

OPINIONBY: CLINTON E. AVERITTE

OPINION: REPORT AND RECOMMENDATION

Plaintiff BRIAN D. McQUEEN, acting pro se, filed suit pursuant to Title *42, United States Code, section 1983* complaining against the above-named defendants and has paid the $150.00 filing fee.

Plaintiff complains of the medical care he has received at the Clements Unit for a variety of conditions.

Plaintiff requests injunctive relief requiring prison officials to provide him the medical care he feels is necessary, as well as compensatory and punitive damages.

JUDICIAL REVIEW

[HN1] When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990)*, if it is frivolous n1, malicious, [*2] fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *42 U.S.C. 1997e(c)(1)*. A Spears hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos, 926 F.2d 480, 483 n.4 (5th Cir. 1991)* n2.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 [HN2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993)*; see, *Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992)*.

n2 Cf, *Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986)* ("Of course, our discussion of Spears should not be interpreted to mean that all or even most prisoner claims require or deserve a Spears hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the Watson questionnaire.").

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

The Magistrate Judge has[*3] reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint and attachments to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

THE LAW AND ANALYSIS

By his complaint, plaintiff asserts a multitude of claims against the medical and dental health care providers and other personnel working at the Clements Unit. In short, plaintiff states claims of untreated Hepatitis C, untreated

nodules in his abdomen, untreated teeth n3, and delays in treatment of a nasal infection and the receipt of a diet for hypoglycemia.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n3 Plaintiff's claims concerning his teeth have been severed into another cause.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Concerning his Hepatitis C, plaintiff informs the Court he met the standard for treatment with Interferon/Ribaviron on or about June 4, 1998; however, he has not been cleared for such treatment because he has not been discontinued from his psychiatric medications. Physicians informed him these medications should not be taken while he receives[*4] the Hepatitis C treatment. Plaintiff protested the discontinuation of his psychiatric medications. Due to these protests, plaintiffs's psychiatric medications were not discontinued, and his physicians have, therefore, refused to administer the Interferon/Ribaviron. Plaintiff pleads that one psychiatrist, a Dr. McFerron, told him he disagreed with the discontinuation of psychiatric medications during the treatment and that he had allowed some of his patients in the free world to continue taking Prozac while undergoing Interferon/Ribaviron treatment; however, the prison medical policy prohibited prisoners from receiving both medications. Plaintiff requests the Court to immediately arrange for his treatment with Interferon/Ribaviron for his Hepatitis C and to arrange for him to continue taking his psychiatric medications during the course of treatment.

As for his nodules, plaintiff informs the Court that, in January of 1999, defendant REVELL removed a nodule, opined it was a benign lipoma tumor, and disposed of it without a biopsy. Plaintiff complains more nodules have developed in his stomach and under his right arm and asks that the Court order the removal and biopsy of one of the[*5] nodules and, if it is found to be malignant, that he be given "proper treatment." Plaintiff pleads that he refused surgery for removal of these nodules in October of 1999; and the Court notes that page 8 of Exhibit D, attached to plaintiff's original complaint, contains a grievance response informing plaintiff that, as of November 13, 2000, a physician has examined him for complaints of "knots" in his stomach and diagnosed a small umbilical hernia which did not require surgical intervention at that time.

Plaintiff complains of a delay in receiving a diet for his hypoglycemia, diagnosed in March of 1998. Plaintiff states he experienced nervousness, dizziness, and hot flashes because of his untreated hypoglycemia and was not given a diet until December 7, 2000.

Lastly, plaintiff complains of delays in the treatment of a recurring nasal infection. Plaintiff's complaints concerning incidents before January 26, 1999, are barred by the Statute of Limitations. On October 16, 2000, the infection reoccurred, and plaintiff was advised by a physician to submit a sick call request. Plaintiff was scheduled for an October 31, 2000, nurses appointment which was cancelled due to a unit lockdown;[*6] and plaintiff did not see a physician until November 6, 2000. At that time, he was diagnosed with a nasal infection and prescribed antibiotics; however, the antibiotics did not arrive until November 13th. Plaintiff further complains that, on January 22, 2001, he did not get to keep his doctor's appointment and his nasal infection continues.

[HN3] Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble, 429 U.S. 97, 105-07, 97 S. Ct. 285, 291-93, 50 L. Ed. 2d 251 (1976)*. Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety, *Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1981, 128 L. Ed. 2d 811 (1994);* however, the due process clause protects an individual's right to refuse even life-saving treatment, if such treatment is unwanted. *Washington v. Glucksberg, 521 U.S. 702, 117 S. Ct. 2258, 138 L. Ed. 2d 772 (1997)*.

Not every claim of inadequate or improper medical treatment is a violation of [*7] the Constitution, *Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976);* nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985)*. Merely alleging that a prison doctor should have undertaken additional diagnostic measures, as plaintiff alleges concerning his nodules, or utilized an alternative method of treatment, as plaintiff alleges concerning his Hepatitis C, does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)*.

Plaintiff's own allegations show that he has not been subjected to deliberate indifference concerning his

Hepatitis C and his nodules. Instead, plaintiff disagrees with the recommended treatment and, therefore, has refused to consent. Plaintiff cannot dictate what treatment he shall receive; however, he has the right to refuse the treatment offered. Although plaintiff disagrees with the necessity of discontinuing his psychiatric medications during Interferon/Ribaviron treatment for Hepatitis C, it is the physicians who[*8] will make that decision, not plaintiff and not this Court. Plaintiff alleges he has found one psychiatrist who appears to disagree with the need to discontinue his psychiatric medications during Interferon/Ribaviron treatment; however, a disagreement among physicians does not invalidate a treatment protocol for Hepatitis C which requires such discontinuation. If plaintiff's physicians responsible for treatment of his Hepatitis C consider it inadvisable to administer Interferon/Ribaviron treatment while plaintiff is taking certain psychiatric medication, the failure to administer Interferon/Ribaviron treatment, in the face of plaintiff's refusal to consent to the discontinuation of his psychiatric medication, does not constitute deliberate indifference.

Lastly, concerning the alleged delay from December 2000 to February 26, 2001, in the receipt of Interferon/Ribaviron treatment after plaintiff's December written notice to the medical department that he would no longer be taking his psychiatric medication, plaintiff has alleged no fact indicating the medical department's receipt of his written notice and has identified no one responsible for the alleged delay in treatment. The response[*9] to plaintiff's Step 1 grievance 2001032075, at page 9 of Exhibit C attached to his original complaint, indicates "psych clearance is required." Whatever representations plaintiff may make, in writing or orally, to the medical department, the requirement that clearance be received from his psychiatric providers is not unreasonable and does not constitute deliberate indifference. Plaintiff does not allege any fact to indicate that a psych clearance has been communicated to the medical department. Further, plaintiff has not alleged any fact to indicate any resulting harm. Consequently, as to delay, plaintiff has failed to state a claim on which relief can be granted.

Plaintiff pleads that, on September 16, 1999, he refused to allow surgical removal of his new nodules because he no longer trusts Clements unit doctors and says he won't consent until he can find someone he trusts. Plaintiff attached a copy of an October 8, 1999, refusal form evincing such refusal. If plaintiff has refused treatment, the failure to render such treatment cannot constitute deliberate indifference.

For all the reasons set forth above, plaintiff's claims concerning his Hepatitis C and his nodules lack an arguable[*10] basis in law and are frivolous. *Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).*

Concerning his recurring nose infection, plaintiff first complains of a delay which occurred in January of 1999. Plaintiff filed suit in February of 2001. Because there is no federal statute of limitations for civil rights actions, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).* Plaintiff's claim concerning incidents in January of 1999 is barred by limitations, lacks an arguable basis in law, and is, therefore, frivolous. *Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).*

Plaintiff complains of another delay which occurred in the year 2000. On October 16, 2000, plaintiff informed defendant BASSE of his infection, and BASSE instructed plaintiff to submit a sick call request. Plaintiff states BASSE refused to treat his infection on October 16th because plaintiff had not informed the nurse of the problem two days earlier. Plaintiff was scheduled for an October 31, 2000, nurse's appointment; however, the unit went on lockdown [*11]on or about October 27th. Since plaintiff could not attend his nurse's appointment, he was listed as a no-show and advised to submit another sick call request if he felt he still needed medical treatment. Plaintiff states he complained to nurses making the rounds distributing medication during lockdown, but each refused to render or arrange for medical care for him, informing him he did not suffer an emergency condition. The lockdown ended on November 3, 2000, plaintiff was seen by a nurse on November 4th, and was seen by a doctor on November 6th. Plaintiff states the physician diagnosed a serious nasal infection and prescribed antibiotics, which plaintiff received a week later.

Plaintiff complains of each delay from the date he first told defendant BASSE of his problem on October 16, 2000. [HN4] A delay which does not aggravate or exacerbate the medical condition does not constitute a constitutional violation. *Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988).* A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).*[*12] The fact that plaintiff suffered headaches and dizziness while waiting for an opportunity to see a physician does not constitute substantial harm. Again, plaintiff cannot dictate the details of his medical treatment. If the protocol is for him to initially present the problem to a nurse, he is obliged to first see the nurse before expecting a physician to treat it. Further, during institutional lockdown, some medical needs may be

delayed; if the need is not an emergency for which delay will produce substantial harm, the delay does not constitute deliberate indifference. Plaintiff experienced a six day delay, from October 31 to November 6 in seeing a physician for a nasal infection. There is no allegation of any fact in this scenario which would support either deliberate indifference or a resulting substantial harm. In addition, plaintiff has alleged no fact which indicates the week's delay in getting his antibiotic was the result of deliberate indifference or produced substantial harm. Plaintiff's real claim seems to be that he should receive immediate medical care with instantaneous supply of any medication ordered by the doctor. Plaintiff would not receive that kind of service in[*13] the free world. The failure of prison employees to meet this standard may amount to negligence, if that, but does not approach the violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's claim in this respect lacks any arguable basis in law and is frivolous. *Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).*

Lastly, plaintiff's claim that he suffered a delay in receiving a special diet to treat his hypoglycemia is frivolous. Plaintiff states he was diagnosed as hypoglycemic on March 11, 1998, and a recommendation was made that he be seen by the unit dietician. Plaintiff states he informed defendant TONORIO on April 6, 1998, that he had not yet seen a dietician and, on May 6, 1998, he suffered a hypoglycemic attack at work. He was sent to the infirmary as an emergency walk-in and was treated. Plaintiff has attached a copy of the medical record for that incident, see page 6 of Exhibit C attached to plaintiff's original complaint. Review of that record reveals the final notation, "teaching done about eating between meals to prevent occurrence," and plaintiff was ordered to return to work. Plaintiff[*14] states his hypoglycemia caused him to suffer hot flashes, weakness, and dizzy spells. Plaintiff states he did not receive any consultation with the unit dietician, so, on October 12, 2000, plaintiff filed a step 1 grievance complaining of the matter. He was seen by a physician on November 6th, and received a diet on December 7, 2000, to help control the hypoglycemia. Plaintiff then saw a dietician on January 31, 2001, and received instructions on the proper snacks to consume.

To the extent plaintiff complains of acts or omissions occurring in 1998, plaintiff's claims are foreclosed by the Statute of Limitations, as explained above. As to the delay between his October 12, 2000, grievance and his January 31, 2001, visit with the dietician, plaintiff alleges no fact to indicate the delay was the result of deliberate indifference and presents no allegation of resulting substantial harm. Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).*

CONCLUSION

Pursuant to Title *42, United States Code, section 1997e*(a), it is the RECOMMENDATION[*15] of the Magistrate Judge to the United States District Judge that the civil rights claims asserted by plaintiff BRIAN D. McQUEEN be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The United States District Clerk shall mail a copy of this Report and Recommendation to plaintiff and to any attorney of record utilizing the inmate correspondence reply card or certified mail, return receipt requested, as appropriate. Any party may object to the proposed findings and to the Report and Recommendation within fourteen (14) days from the date of this Order. *Rule 72, Federal Rules of Civil Procedure*, and Rule 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas. Any such objections shall be in writing and shall specifically identify the portions of the findings, recommendation, or report to which objection is made, and set out fully the basis for each objection. Objecting parties shall file the written objections with the Clerk of the Court and serve a copy of such objections on the Magistrate Judge and on all other parties. The failure to timely file written objections to the proposed factual findings, [*16] legal conclusions, and the recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)*(en banc).

IT IS SO RECOMMENDED.

ENTERED THIS 22nd DAY OF OCTOBER 2001.

CLINTON E. AVERITTE

UNITED STATES MAGISTRATE JUDGE

```
****-----------------------------------------------------------------****
*      11 PAGES              344 LINES           JOB  25258   100PJQ    *
*    2:21 P.M. STARTED    2:21 P.M. ENDED                 02/19/04      *
****-----------------------------------------------------------------****
****-----------------------------------------------------------------****
*                       EEEEE      N   N      DDDD                      *
*                       E          N   N      D   D                     *
*                       E          NN  N      D   D                     *
*                       EEE        N N N      D   D                     *
*                       E          N  NN      D   D                     *
*                       E          N   N      D   D                     *
*                       EEEEE      N   N      DDDD                      *
****-----------------------------------------------------------------****
****-----------------------------------------------------------------****
```

```
SEND TO: LYNCH, ANN
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746
```