UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GERALD CODERRE, | : | PRISONER |
|  | : | CIVIL NO. 3:02CV1096 (RNC)(DFM) |
| *PLAINTIFF,* | : |  |
|  | : |  |
| V. | : |  |
|  | : |  |
| EDWARD PESANTI, ET AL., | : |  |
| *DEFENDANTS.* | : | FEBRUARY 26, 2004 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STOP REPRISALS RETAILATION- HARASSMENT

Plaintiff filed a motion to stop reprisals claiming that because a part of his large medical file was misplaced for a period of time, he is being retaliated against or harassed. Because plaintiff has twice been given copies of his medical file his motion is without merit and should be denied.

More specifically, in the context of a habeas corpus action brought by plaintiff, on June 5, 2002, defense counsel sent plaintiff a copy of his medical file. See attached letter dated June 5, 2002. On July 12, 2002, defense counsel sent plaintiff an update to his medical file. See attached letter dated July 12, 2002. Apparently, the plaintiff discarded these materials at some point between his release from custody in September 2002 and March 2003, when he was readmitted to custody. See Plaintiff's Motion for Production of Documents dated September 9, 2003 filed in state court habeas matter which is attached hereto. "The plaintiff no longer has this file in his records for future use. . . . "

Apparently, at some point in time, the original Chart A containing plaintiff's oldest DOC medical records was misplaced within the DOC. The undersigned was unaware of this fact as

she already had plaintiff's medical records and was only receiving updates from the DOC/UCMHC. In addition, plaintiff did not notify defense counsel at any point prior to his deposition that medical records from his incarceration going back as far as 1996 were missing.

A copy of plaintiff's medical records were brought to the deposition. In addition, plaintiff was shown his medical records prior to the commencement of the deposition. See pages 4 and 66 of plaintiff's deposition transcript attached hereto. Prior to his testimony, plaintiff stated that he wanted to be able to go through his medical records if he needed to and defense counsel nodded in the affirmative. See page 9 of plaintiff's deposition transcript.

Plaintiff suggested that he did not remember seeing certain portions of his medical records before and claimed that defense counsel did not previously give them to him. Plaintiff's deposition p. 25. Defense counsel advised that she had a letter to plaintiff stating she was enclosing his medical records to him in June 2002 and then an update in July 2002. Nonetheless, defense counsel thereafter sent plaintiff an entire second set of his medical records which he received on November 11, 2003. See inmate request form dated December 17, 2003 attached hereto. In addition, defense counsel has sent plaintiff a copy of the amended complaint filed in this matter, a copy of the habeas petition which plaintiff withdrew in the summer of 2002, plaintiff filed and a copy of grievances plaintiff filed.

Defendants and their counsel have bent over backwards to accommodate plaintiff's requests, giving plaintiff two copies of his medical records and copies of plaintiff's own

pleadings.  Plaintiff is not being retaliated against and his motion should therefore be denied.

                DEFENDANTS

                Edward Pesanti, et al.

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL


                _____
       By: Ann E. Lynch
          Assistant Attorney General
          Federal Bar No. ct10835
          110 Sherman Street
          Hartford, CT 06105
          Tel.:  (860) 808-5450
          Fax:  (860) 808-5591
          Fed Bar No. Ct 08326

## **CERTIFICATION**

I hereby certify that a copy hereof was mailed on this 26th day of February 2004, first class postage prepaid, to:

Gerald Coderre, Inmate #245210
Osborn Correctional Institution
335 Bilton Road
P.O. Box 100
Somers, CT 06071

                                                                                                          _____
Ann E. Lynch
Assistant Attorney General