FILED

2004 JUL 14 P 1:01

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERALD CODERRE        :    CIVIL NO. 3:02CV1096 (RNC) (DFM)
   *Plaintiff*

V.

DR. EDWARD PESANTI, ET AL.
   *Defendants*        :    JULY 14, 2004

## SUPPLEMENTAL MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The plaintiff submits this supplemental memorandum of law in response to the defendants' reply memorandum dated July 1, 2004.

### I. ARGUMENT

**A. Summary judgment is inappropriate because there are genuine issues of material fact that can only be resolved by a fact-finder at trial.**

The defendants oversimplify the issues in this case. (Reply memorandum, P.1). A central issue not mentioned by the defendants is whether medical personnel are deliberately indifferent to an inmate's serious medical need if they deny medical treatment until the inmate completes a substance abuse course and then do <u>nothing</u> to provide him with access to such a course. The defendants ignore the plaintiff's claims regarding their failure to make a substance abuse course available to him or their failure to take action after learning that he had been unable to enroll in such a course. In his

Local Rule 56 (a) (2) Statement, the plaintiff lists 38 disputed issues of material fact that he contends are genuine issues that must be resolved at trial. The defendants offer nothing to support the idea that the disputed facts listed by the plaintiff are not material to the outcome of this case.

The defendants misstate that certain facts are material or that certain facts are undisputed. They assert that the plaintiff has admitted that "[t]he community standard is that an individual who uses intra-venous drugs does not receive Hepatitis C treatment in the form of interferon/ribavirin therapy." (Reply memorandum, P. 1). The plaintiff was asked to admit that it is the "current" standard in the community that individuals who use IV drugs do not receive therapy. (Defendants' Local Rule 56 (a) (1) Statement, Para. 49). The plaintiff neither admitted nor denied the statement (Plaintiff's Local Rule 56 (a) (2) Statement, Para. 49) because it is not material, for two reasons. First, the "current" community standard is irrelevant in regard to events that occurred three years ago unless the defendants can point to admissible evidence indicating that the standard was the same at that time. Second, the plaintiff was not using IV drugs at the time the request for therapy was denied on June 26, 2001. (Coderre affidavit, Para. 57).

The defendants claim that the plaintiff has admitted that "[b]efore providing interferon treatment an individual should undergo drug addiction treatment." (Reply memorandum, P. 1-2). In fact, the plaintiff specifically denied that statement. (Plaintiff's '

Local Rule 56 (a) (2) Statement, Para. 26). The plaintiff admits that, as the National Institutes of Health (hereinafter "NIH") recommends, "treatment of patients who are drinking significant amounts of alcohol or who are actively using illicit drugs should be delayed until these habits are discontinued for at least six months." (Id.) In the plaintiff's case, such habits had been discontinued for the requisite period of time. (Coderre affidavit, Para. 57-60). The defendants contend that "the fact that plaintiff may not have been able to get alcohol or heroin while incarcerated did not prove that his 'habit' had discontinued." (Reply memorandum, P. 3). But completion of a substance abuse program also would not prove that someone would not use drugs in the future and, for some inmates, such proof was not required. Correctional Managed Health Care (hereinafter "CMHC") guidelines arbitrarily allowed infected inmates with sentences of more than five years to receive treatment despite their history of drug use. (Exhibit R to Coderre affidavit). The defendants point out that at the time he was denied treatment on June 26, 2001, the plaintiff's expected release date was two years away. (Reply memorandum, P. 3). The defendants could have provided the needed therapy immediately and required the plaintiff to participate in a substance abuse program in the two years remaining before his discharge. Instead, they conditioned therapy upon completion of a substance abuse course even though they did not provide the plaintiff with an opportunity to take such a course.

Defendants contend that the plaintiff has admitted "that he did not sustain any

clinical [sic] significant progression of his illness by a delay in treatment from June 2001 until 2003." They contend that the claim must be deemed admitted because the plaintiff did not specifically deny it. (Reply memorandum, P. 4). The claim was contained in a paragraph in which the defendants also asserted that the plaintiff actually benefitted by their refusal to provide him with treatment. (Defendants' Local Rule 56 (a) (1) Statement, Para. 44). In his response, citing paragraphs 77-79 and 83-84 of his own affidavit, the plaintiff denied "[t]he portions of this paragraph claiming that the plaintiff benefitted by the delay in treatment." (Plaintiff's Local Rule 56 (a) (2) Statement, Para. 44). The sections of the affidavit referred to documents showing that the plaintiff suffered from problems such as pain over both kidneys, severe headaches, muscle aches, difficulty urinating and blood in the urine (Coderre affidavit, Para. 77-79; Exhibits EE, FF, GG, HH, II to Coderre affidavit) and that when a liver biopsy finally was performed on September 9, 2002, it showed that he had "chronic hepatitis, active, severe." (Coderre affidavit, Para. 83; Exhibit KK to Coderre affidavit). The defendants have admitted that medical problems such as those experienced by the plaintiff during the period in question can be symptoms of chronic liver disease associated with Hepatitis C. (Exhibits Q and LL to Coderre affidavit).

In deciding a summary judgment motion, "the court must review the record 'taken as a whole.' " Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000)

4

(citation omitted). In <u>Jimenez v. KFC of California, Inc.</u>, 2003 U.S. Dist. LEXIS 17094 (S.D.N.Y, September 30, 2003), the Court was faced with a situation in which a plaintiff opposing summary judgment failed to file a controverting statement required by a local rule similar to Local Rule 56 (a). But the plaintiff had filed an affidavit. The Court ruled it was appropriate to construe the affidavit as the local rule statement and look at all of the papers submitted by the plaintiff to determine whether there was a genuine issue of material fact. See also <u>Klecher v. Metropolitan Life Insurance</u>, 2003 U.S. Dist. LEXIS 9572 (S.D.N.Y., June 6, 2003) (facts controverted in plaintiff's opposition papers but not directly addressed in plaintiff's local rule statement are not deemed admitted).[1]

In this case, the affidavit and other evidence submitted by the plaintiff, together with his denial that he benefitted from the refusal to provide treatment, make it clear that he is <u>not</u> admitting that he suffered no clinically significant progression of his illness. To deem that purported fact to be admitted would be to violate the spirit of the Federal Rules of Civil Procedure, which favor decisions on the merits rather than upon technicalities. See <u>Foman v. Davis</u>, 371 U.S. 178, 181 (1962).

By denying that he benefitted by the delay in treatment, it was the plaintiff's intention to also deny that he had not sustained any progression of his illness. In conjunction with this supplemental memorandum of law, the plaintiff has filed a Motion

---

[1] Copies of the <u>Jimenez</u> and <u>Klecher</u> decisions are attached.

5

for Leave to File an Amended Rule 56 (a) (2) Statement. Paragraph 44 of the amended statement, which is attached to the motion, makes the denial perfectly clear.

### B. The defendants were deliberately indifferent to the plaintiff's serious medical needs.

The defendants claim that "this case presents a classic disagreement between plaintiff and his doctors over his course of treatment in a cutting area of medicine." (Reply memorandum, P. 4). However, this was not a situation in which medical professionals and the plaintiff disagreed about whether one course of treatment or another was proper. Rather, Dr. Edward Pesanti's refusal to send the plaintiff for a GI consultation and liver biopsy resulted in the complete denial of any form of treatment.

The defendants cite a decision by a federal magistrate judge. That decision, Johnson v. Wright,[2] 2004 U.S. Dist. LEXIS 7543 (S.D.N.Y., May 4, 2004), involved an inmate who was being treated with Interferon. A few months after treatment began, Johnson tested positive for marijuana use. When Johnson's liver enzyme counts continued to increase, a physician recommended that the drug Ribavirin be added to the Interferon treatment, a combination known as Rebetron therapy. The recommendation was rejected because, under the guidelines in use at the prison, the initiation of Hepatitis C treatment was contra-indicated if there was evidence of active substance abuse within the past two

---

[2] The Johnson decision is attached to the defendants' reply memorandum.

6

years. The rejection came about a year after Johnson had tested positive for marijuana use.

The defendants quote a long passage from Johnson. (Reply memorandum, P. 5). One section of the quoted passage was replaced by ellipses. The omitted section reads as follows: "Thus, the issue is not the arguments that may now be made regarding the wisdom of the Guideline but rather what apparent basis it had at the time." Johnson, 2004 U.S. Dist. LEXIS 7543 at P. 9. In the instant case, defendants try to justify their denial of treatment by saying their action was consistent with Federal Bureau of Prison (hereinafter "BOP") guidelines. (Reply memorandum, P. 6). But the CMHC guidelines did not refer to the BOP guidelines. (Exhibit R to Coderre affidavit). Instead, the CMHC guidelines indicated they were based on guidelines from the NIH and the Centers for Disease Control. The defendants have made no argument that Centers for Disease Control guidelines justified their decision to deny treatment. The NIH recommended only that treatment be delayed until use of alcohol or illicit drugs had been discontinued for six months. (Management of Hepatitis C, National Institutes of Health, P. 13). Since the plaintiff had not used such substances for that amount of time, the NIH guidelines provide no medical support for the decision to deny treatment.

The instant case differs from Johnson in other important ways. Unlike Johnson, the plaintiff in this case had not used illegal drugs while in prison. (Coderre affidavit, Para.

7



57-60). That fact eliminated a potential concern that the plaintiff's ability to adhere to the therapeutic regimen would have been compromised. See Johnson, 2004 U.S. Dist. LEXIS 7543 at P. 9.

During the time in which Ribavirin was withheld, Johnson continued to receive Interferon. The court found that fact to lend "support to the conclusion that the defendants' decisions were reasonable." Id. at P. 11. In the instant case, the plaintiff received no treatment at all.

In Johnson, the inmate had offered "no competent evidence of any non-medical motivation for denying him Rebetron Therapy, such as financial concerns, punishment, or retaliation." Id. Here, the plaintiff has submitted competent evidence to show that the decision to deny treatment was based upon financial concerns. Dr. Germain Bianchi, one of the defendants, told him that requests for Hepatitis C treatment rarely are approved because such treatment costs too much. (Coderre affidavit, Para. 44). The CMHC guidelines talk about the high cost of the treatment. (Exhibit R to Coderre affidavit). The defendants argue that the cost issue is "a speculative red-herring." (Reply memorandum, P.5, f.4). They suggest that Dr. Bianchi's statement is inadmissible hearsay. (Id.). Fed. R. Evid. 801 (d) states, in relevant part: "A statement is not hearsay if ... (2) *Admission by Party-Opponent*. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity ..." Dr. Bianchi's own

8

statement, when offered against him, is an admission of a party-opponent and, therefore, is not hearsay.[3]

The defendants argue that the plaintiff's claim that he was denied treatment on the basis of financial concerns is contradicted by one of his own exhibits, an inmate grievance form on which he wrote that "[p]eople in DOC are being treated for this virus (with the medication interferon)." (Defendants' reply memorandum, P.5, f.4). The plaintiff does not deny that some inmates were receiving Interferon treatment. Presumably, if CMHC was following its own policy, inmates with no history of substance abuse or with sentences of greater than five years received treatment if they otherwise were qualified. (See Exhibit R to Coderre affidavit). But that does not mean that the defendants did not deny treatment to the plaintiff or to other qualified inmates as a way of limiting the total cost of dealing with the virus.

"When considering a motion for summary judgment, the Court does not engage in fact-finding or weighing of credibility, but determines whether any material questions of fact are in dispute after resolving all ambiguities and drawing all justifiable inferences in favor of the nonmoving party." <u>Montefiore Medical Center v. American Protection</u>

---

[3] The statement by Dr. Bianchi is mentioned in the plaintiff's complaint. (See Amended Complaint, Statement of Facts, P. 8). In support of their motion for summary judgment, the defendants submitted an affidavit from Dr. Bianchi. Tellingly, the affidavit makes no attempt to refute the plaintiff's claim about what Dr. Bianchi said to him.

Insurance Co., 226 F. Supp. 2d 470, 476 (S.D.N.Y. 2002) (citations omitted). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). The allegedly contradictory evidence cited by the defendants points out why summary judgment is inappropriate in this case. The question of whether financial considerations were the reason for the denial of medical treatment is a genuine issue of material fact that can only be resolved by a fact-finder at trial.

## II. CONCLUSION

For the foregoing reasons and for the reasons stated in the plaintiff's memorandum of law in opposition to motion for summary judgment, the plaintiff respectfully requests that the defendants' motion for summary judgment be denied.

THE PLAINTIFF

_(signature)_

Gerald Coderre, Pro Se
Inmate #245210
Enfield Correctional Institution
289 Shaker Road
P.O. Box 1500
Enfield, CT 06082

Although not appearing herein, the undersigned
assisted in the preparation of this memorandum of law:

*Richard P. Cahill*

Richard P. Cahill, Esq.
Schulman & Associates
Inmates' Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford, CT 06126-0237
Tel: (860) 246-1118
Fax: (860) 246-1119

## CERTIFICATION

I hereby certify that a copy hereof was mailed, postage prepaid, on this 14th day of July, 2004, to the following counsel and pro se parties of records:

Ann E. Lynch, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

_____
Gerald Coderre

11