Service: Get by LEXSEE®
Citation: 2003 U.S. Dist. LEXIS 17094

2003 U.S. Dist. LEXIS 17094, *

GRISELA JIMENEZ, by her grandmother and Guardian GWENDOLYN JIMENEZ and GWENDOLYN JIMENEZ, Individually, Plaintiffs, - against - KFC OF CALIFORNIA, INC., d/b/a KENTUCKY FRIED CHICKEN, KFC TRICOM GLOBAL INCORPORATED, KFC, INC., d/b/a/ KENTUCKY FRIED CHICKEN, KENTUCKY FRIED CHICKEN OF CALIFORNIA, INC., KFC USA, and KFC OF AMERICA, INC., Defendants.

02 Civ. 2826 (RCC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 17094

September 29, 2003, Decided
September 30, 2003, Filed

**DISPOSITION:** [*1] Defendants' motion for summary judgment granted in part and denied in part.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff grandmother, individually and on behalf of her granddaughter, sued defendant fast food restaurant owners in state court to recover damages relating to injuries the granddaughter allegedly sustained in a slip and fall incident. The owners timely removed the action to federal district court and moved for summary judgment.

**OVERVIEW:** The grandmother argued that the owners created a dangerous condition that caused her granddaughter's injuries, i.e., an unstable stack of trays, and possessed either actual or constructive notice of the condition. The claim regarding the creation of the condition was dismissed because the grandmother failed to controvert the owners' U.S. Dist. Ct., S.D.N.Y., R. 56.1, statement that the restaurant's customers deposited the trays atop a trash receptacle following their meal and that as a result, any haphazardly stacked trays were not stacked by the owners. The claim regarding actual notice of the condition was also dismissed because the grandmother failed to refute the owners' claims that the condition was not brought to the attention of the restaurant manager by customers or employees. However, the constructive notice claim survived because there was an issue of fact as to whether the trays were stacked atop the trash receptacle for a sufficient length of time prior to the accident to permit the restaurant's employees to discover and remedy the condition. Thus, the grandmother had established an issue of fact as to whether the owners had constructive notice of the condition.

**OUTCOME:** The motion for summary judgment was granted with respect to the claims that the owners created a dangerous condition and had actual notice of the condition, but was denied as to the constructive notice claim.

**CORE TERMS:** tray, constructive notice, dangerous condition, summary judgment, restaurant, receptacle, minutes, atop, stacked, trash, actual knowledge, customer, sufficient length of time, hazardous condition, actual notice, forty-five, general manager, genuine issue, material fact, moving party, discover, observe, evening, garbage, dined, defective condition, failed to present, matter of law, inappropriate, controverting

Get a Document - by Citation - ... S. Dist. LEXIS 17094
Case 3:02-cv-01096-RNC  Document 80-2  Filed 08/02/2004  Page 2 of 8
Page 2 of 8

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** Summary judgment may be granted if the submissions of the parties taken together show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN2** In making a judgment under Fed. R. Civ. P. 56(c), the burden is on the moving party, and all facts must be viewed in the light most favorable to the non-moving party. When the moving party has asserted facts which demonstrate that the non-moving party's claim cannot be sustained, the opposing party must set forth specific facts showing that there is a genuine issue for trial, and cannot rest on mere allegations or denials of the facts asserted by the movant. Fed. R. Civ. P. 56 (c). Thus, the court in determining whether it is appropriate to grant summary judgment must: (1) determine whether a genuine factual dispute exists based on evidence in the record; and (2) determine, based on the substantive law at issue, whether the fact in dispute is material. More Like This Headnote

Torts > Negligence > Negligence Generally
**HN3** In order to establish a prima facie case of negligence under New York law, a plaintiff must show that a dangerous condition existed and either that (1) the defendant created the condition which caused the accident, or (2) the defendant had actual or constructive notice of the condition and failed to timely correct it. More Like This Headnote

Civil Procedure > Summary Judgment > Supporting Papers & Affidavits
**HN4** Under U.S. Dist. Ct., S.D.N.Y., R. 56.1, plaintiffs are required to include a separate short and concise statement of any material facts as to which the plaintiffs contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in the defendants' Rule 56.1 statement may be deemed admitted. U.S. Dist. Ct., S.D.N.Y., R. 56.1(b), (c). More Like This Headnote

Torts > Negligence > Negligence Generally
Torts > Negligence > Duty > Duty Generally
**HN5** In a personal injury case where there is no indication in the record that the defendant created the defective condition or had actual knowledge of it, the plaintiff must prove constructive notice. When a plaintiff proceeds under a constructive notice theory, the plaintiff must prove that: (1) the defect which caused the accident was visible and apparent and (2) that it existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it. A general awareness of the existence of a dangerous condition is not sufficient to put a defendant on constructive notice; instead, the defendant must have notice of the specific condition at issue. In order for the defendant to be liable for the alleged dangerous condition, it must have had notice of the specific condition for such a period that, in the exercise of reasonable care, the defendant could and should have corrected it. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN6** When considering a motion for summary judgment, the court does not engage in fact-finding or weighing of credibility. Rather, the court determines whether any material questions of fact are in dispute after resolving all ambiguities and drawing

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 17094 Page 3 of 8

Case 3:02-cv-01096-RNC    Document 80-2    Filed 08/02/2004    Page 3 of 8

all justifiable inferences in favor of the nonmoving party. If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is inappropriate. More Like This Headnote

**COUNSEL:** For KFC OF CALIFORNIA, INC. dba Kentucky Fried Chicken, KFC TRICOM GLOBAL INCORPORATED, KENTUCKY FRIED CHICKEN OF CALIFORNIA, INC., defendants: Scott L. Haworth, Lester, Schwab, Katz & Dwyer, L.L.P., New York, NY.

For KFC INC. dba Kentucky Fried Chicken, KFC USA, KFC OF AMERICA, INC., defendants: Timothy E. Shanley, St. John & Wayne, L.L.C., New York, NY.

**JUDGES:** RICHARD CONWAY CASEY, United States District Court Judge.

**OPINIONBY:** RICHARD CONWAY CASEY

**OPINION:** OPINION AND ORDER

RICHARD CONWAY CASEY, United States District Court Judge:

Gwendolyn Jimenez individually and on behalf of her granddaughter, Grisela Jimenez, (collectively, "Plaintiffs") brought this action to recover damages relating to injuries Grisela Jimenez allegedly sustained on December 18, 1998 in a "slip and fall" incident at a Kentucky Fried Chicken restaurant. On December 17, 2001, one [*2] day before the Statute of Limitations was to expire, Plaintiffs commenced this action in the Supreme Court of New York, Bronx County. See N.Y.C.P.L.R. § 214. Thereafter, on April 12, 2002, Defendants timely removed the case to this Court. n1 The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1446(b). KFC of California, Inc., Kentucky Fried Chicken, KFC Tricom Global Incorporated, KFC, Inc., Kentucky Fried Chicken of California, Inc., KFC USA and KFC of America, Inc., (collectively, "Defendants") now move for summary judgment. For the reasons set forth below, the Court grants Defendants summary judgment on Plaintiffs' claims that Defendants' created the alleged hazardous condition and that Plaintiffs' had actual knowledge of it. On the other hand, Plaintiffs' claim of constructive notice is reserved for trial. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Defendants were not served the Complaint until March 15, 2002. (See Notice of Removal, Ex. A of Shanley Affirmation dated May 29, 2003 (revised June 11, 2003)).

n2 The Court notes that under Federal Rule of Civil Procedure 56, in granting Defendants summary judgment as to two claims, but not Plaintiffs' constructive notice claim, the Court's ruling today is considered interlocutory and the Court may modify its ruling prior to the entry of judgment. Accordingly, this ruling functions as a pretrial order, rather than a judgment.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*3]

I. Background

The following facts are taken as stated by Plaintiffs or are undisputed. On the evening of December 18, 1998, then ten-year-old Grisela Jimenez, along with her grandmother Gwendolyn Jimenez and three other family members, ate dinner at a Bronx, New York Kentucky Fried Chicken restaurant. (Deposition of Gwendolyn Jimenez [Gw. Jimenez Depo.], Ex. C of Shanley Affirmation, dated May 29, 2003 (revised June 11, 2003) [Shanley Aff.], at

Get a Document - by Citation - ... U.S. Dist. LEXIS 17094
Case 3:02-cv-01096-RNC    Document 80-2    Filed 08/02/2004    Page 4 of 8
Page 4 of 8

6; Affidavit of Gwendolyn Jimenez [Gw. Jimenez Aff.] P 2; New York Supreme Court Complaint [Compl.] PP 34-35, Ex. A of Shanely Aff.) Upon finishing her meal, Grisela Jimenez left the table to throw away her trash and to return her tray. (Deposition of Grisela Jimenez [Gr. Jimenez Depo.], Ex. B of Shanely Aff., at 8.) Grisela Jimenez discarded the trash and then placed her tray atop a stack of ten to twenty other trays. (Gr. Jimenez Depo., Ex. B of Shanley Aff., at 9-10; Gw. Jimenez Depo., Ex. C of Shanely Aff., at 7; Gw. Jimenez Aff. P 2.) The bottom trays were evenly stacked, whereas the higher trays were stacked at an angle to the bottom trays. (Gw. Jimenez Aff. P 2; Gr. Jimenez Depo., Ex. B of Shanley Aff., at 9-10.) After [*4] she turned to walk away, approximately five previously stacked trays fell from the garbage receptacle, hitting Grisela in the leg and causing her to fall. (Gr. Jimenez Depo., Ex. B of Shanley Aff., at 10-11; Gw. Jimenez Depo., Ex. C of Shanley Aff., at 6-7.) Grisela's head and back struck the floor first, resulting in injuries to her head, leg and neck. (Gr. Jimenez Depo., Ex. B of Shanley Aff., at 10-11, 14-15, 17-26; Gw. Aff. P 4.) These injuries have caused Grisela recurring headaches, loss of balance, hearing impairment in her right ear and psychological trauma. (Gr. Jimenez Depo., Ex. B of Shanley Aff., at 17-26; Gw. Aff. P 4.)

On the date and at the time of the accident, because some trays had been stolen or removed from the restaurant, Defendants only had between ten and twenty trays available for customer use. (Deposition of Kristina Laster [Laster Depo.], Ex. D of Shanley Aff., at 14; Affidavit of Linda Davis [Davis Aff.], Ex. E of Shanley Aff., PP 4-5.) While eating in the restaurant for approximately forty-five minutes, Plaintiff Gwendolyn Jimenez did not observe anyone add or remove trays from the top of the garbage receptacle. (Gw. Aff. P 2.) Defendants claim that [*5] as a result of the tray shortage, the restaurant's employees were required to empty the tray return every fifteen minutes to provide trays to arriving customers. (Davis Aff. P 4.) No customer or employee notified the restaurant manager before the incident of a dangerous tray return atop the garbage receptacle. (Id. P 5.)

II. Summary Judgment Standard

HN1 Summary judgment may be granted if the submissions of the parties taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). HN2 In making this judgment, the burden is on the moving party, and all facts must be viewed in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). When the moving party has asserted facts which demonstrate that the non-moving party's claim cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue [*6] for trial," and cannot rest on "mere allegations or denials" of the facts asserted by the movant. Fed. R. Civ. P. 56(c); accord Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994). Thus, the Court in determining whether it is appropriate to grant summary judgment must: (1) determine whether a genuine factual dispute exists based on evidence in the record; and (2) determine, based on the substantive law at issue, whether the fact in dispute is material.

III. Discussion

HN3 In order to establish a prima facie case of negligence under New York law, which governs Plaintiffs' claims, Plaintiffs must show that a dangerous condition existed and either that (1) Defendants created the condition which caused the accident, or (2) Defendants had actual or constructive notice of the condition and failed to timely correct it. See Taylor v. United States, 121 F.3d 86, 89-90 (2d Cir. 1997); Rodriguez v. Am. Rest. Ventures, Inc., 923 F. Supp. 598, 602 (S.D.N.Y. 1996); Goodman v. United States, 916 F. Supp. 362, 366 (S.D.N.Y. 1996); Camus v. Supermarkets Gen. Corp., 903 F. Supp. 668, 669 (S.D.N.Y. 1995); [*7] Daniely v. County of Westchester, 297 A.D.2d 654, 747 N.Y.S.2d 239 (2d Dep't 2002), appeal denied, 100 N.Y.2d 501, 790 N.E.2d 1193, 2003 N.Y. Lexis 933, 760 N.Y.S.2d

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 17094
Case 3:02-cv-01096-RNC    Document 80-2    Filed 08/02/2004    Page 5 of 8
Page 5 of 8

764 (N.Y. May 1, 2003); Rotunno v. Pathmark, 220 A.D.2d 570, 632 N.Y.S.2d 224, 224-25 (2d Dep't 1995). Defendants contend that Plaintiffs have failed to prove these essential elements, thus necessitating judgment as a matter of law for Defendants.

A. Rule 56.1 Statement

As an initial matter, Defendants assert that summary judgment is warranted because Plaintiffs failed to file a controverting Rule 56.1 statement affirmatively stating that Defendants created a hazardous condition and that Defendants had actual knowledge of the condition. HN4 Local Civil Rule 56.1 requires Plaintiffs to include a separate short and concise statement of any material facts as to which Plaintiffs contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in Defendants' 56.1 statement may be deemed admitted. See S.D.N.Y. Local Civil Rule 56.1(b), (c); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); see, e.g., United States v. All Right, Title & Interest in Real Property & Appurtenances, 77 F.3d 648, 657-58 (2d Cir. 1996). [*8]

Plaintiffs did not submit a controverting Rule 56.1 statement and thus failed to comply with Local Civil Rule 56.1. n3 Nevertheless, Plaintiffs did submit an "Affidavit in Opposition" which complies with most of the requirements of a Rule 56.1 statement. Therefore, the Court will overlook the technical deficiency of Plaintiffs' submission and will construe Plaintiffs' "Affidavit in Opposition" as Plaintiffs' Rule 56.1 statement. See Mazza v. City of New York, 1999 U.S. Dist. LEXIS 13192, 1999 WL 1289623, at *1 (E.D.N.Y. July 13, 1999); Zeno v. Cropper, 650 F. Supp. 138, 139 (S.D.N.Y. 1986). The Court therefore views the record in the following manner: if there exists some dispute between Defendants' Rule 56.1 statement and Plaintiffs' papers, the facts will be viewed in the light most favorable to Plaintiff. On the other hand, any facts in Defendants' Rule 56.1 statement which remain uncontroverted by Plaintiffs' papers will be, as noted below, accepted as true. See Dusaneko v. Maloney, 726 F.2d 82, 84 (2d Cir. 1984); see also Mazza, 1999 U.S. Dist. LEXIS 13192, 1999 WL 1289623, at *1.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Plaintiffs' response to Defendants' motion includes only an Affidavit submitted by Raymond Schwartzberg, dated June 24, 2003, with accompanying exhibits of Grisela Jimenez's medical records and an affidavit of Gwendolyn Jimenez, dated June 20, 2003.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*9]

B. Substantive Claims

Turning now to the Defendants' motion for summary judgment, the Court determines that Defendants' motion must be granted as to Plaintiffs' claims that Defendants created the dangerous condition and that Defendants possessed actual notice. On the other hand, the Court concludes that, albeit barely, Plaintiffs have provided evidentiary facts from which a jury might infer constructive notice. Defendants' motion for summary judgment on the question of constructive notice is therefore denied. The Court considers each theory of liability in turn.

Plaintiffs first claim that Defendants caused and created the alleged dangerous condition. (Compl.P 39, Ex. A of Shanely Aff.) Plaintiffs, however, have failed to present evidence from which a reasonable jury could conclude that Defendants created the unstable stack of trays-- the alleged dangerous condition which caused Grisela Jimenez's injury. In fact, KFC's general manager testified that Kentucky Fried Chicken is a fast-food restaurant where customers deposit their trays atop a trash receptacle following their meal. Therefore, any haphazardly stacked trays would not have been stacked by Defendants. For their part, [*10] Plaintiffs

Get a Document by Citation... U.S. Dist. LEXIS 17094
Case 3:02-cv-01096-RNC   Document 80-2   Filed 08/02/2004   Page 6 of 8
Page 6 of 8

have failed to controvert Defendants' Rule 56.1 statement or to introduce any specific facts disputing Defendants' claim that they did not create the alleged hazard. Accordingly, Plaintiffs' claim based on Defendants' creation of the condition is dismissed.

Second, Plaintiffs have asserted that Defendants had actual notice of the alleged dangerous condition. (Id. P 37.) Despite their assertion, Plaintiffs have failed to produce evidence that Defendants had actual knowledge of the condition which allegedly caused Grisela Jimenez's injuries. Rather, in their opposition, Plaintiffs did not contest Defendants' Rule 56.1 statements that Defendants lacked actual knowledge of any alleged hazard. Defendants' general manager stated that no such condition was brought to her attention by customers or employees on the evening of Grisela Jimenez's accident. Plaintiffs have not responded by setting forth specific facts demonstrating that Defendants had actual knowledge. In fact, in their depositions, Plaintiffs testified that for their part they did not notify Defendants' employees of a dangerous condition related to the trays placed atop the trash receptacle. As a result, Plaintiffs [*11] have not produced any evidence demonstrating that Defendants possessed actual knowledge of the alleged defective condition. Plaintiffs' claim of actual notice is therefore dismissed.

*HN5* "In a personal injury case such as this, where there is no indication in the record that the defendant created the defective condition or had actual knowledge of it, the plaintiff must prove constructive notice." Galgan v. Allied Staten Island Co., 248 A.D.2d 585, 670 N.Y.S.2d 515, 516 (2d Dep't 1998); see also Lewis v. Metropolitan Transp. Auth., 99 A.D.2d 246, 472 N.Y.S.2d 368, 371 (1st Dep't 1984). When a Plaintiff proceeds under a constructive notice theory, the plaintiff must prove that: (1) the defect which caused the accident was visible and apparent and (2) that it existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 492 N.E.2d 774, 775, 501 N.Y.S.2d 646 (N.Y. 1986). A general awareness of the existence of a dangerous condition is not sufficient to put a defendant on constructive notice; instead, the defendant must have [*12] notice of the specific condition at issue. See id.; Piacquadio v. Recine Realty Corp., 84 N.Y.2d 967, 646 N.E.2d 795, 796, 622 N.Y.S.2d 493 (N.Y. 1994). In order for Defendants to be liable for the alleged dangerous condition, it must have had notice of the specific condition for such a period that, in the exercise of reasonable care, Defendants could and should have corrected it. See Smith v. May Dep't Store, Co., 270 A.D.2d 870, 705 N.Y.S.2d 153, 154 (4th Dep't 2000); McDuffie v. Fleet Fin. Group, Inc., 269 A.D.2d 575, 703 N.Y.S.2d 510, 510-11 (2d Dep't 2000); Rabadi v. Atl. & Pac. Tea Co., 268 A.D.2d 418, 702 N.Y.S.2d 316, 317 (2d Dep't 2000); Daugherty v. New York, 137 A.D.2d 441, 524 N.Y.S.2d 703, 706 (1st Dep't 1988).

At least for purposes of this motion, Defendants do not assert either that the stacked trays were not dangerous or were not visible and apparent. Rather, Defendants focus on the second-prong of the constructive notice test and contend that Plaintiffs have failed to present any disputed issues of material fact showing that the alleged dangerous condition existed for a sufficient length [*13] of time prior to the accident, which would have allowed Defendants time to remedy the condition. In response, Plaintiffs assert that they have established a material issue of fact as to constructive notice because Plaintiff Gwendolyn Jimenez "did not observe anyone either place trays on top of the receptacle nor remove any trays" during the forty-five minutes she dined at the restaurant. (See Gw. Jimenez Aff. P 2.)

*HN6* When considering a motion for summary judgment, the Court does not engage in fact-finding or weighing of credibility. Rather, the Court determines whether any material questions of fact are in dispute after resolving all ambiguities and drawing all justifiable inferences in favor of the nonmoving party. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000); Anderson, 477 U.S. at 255. If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is inappropriate. See Rattner v. Netburn, 930 F.2d 204, 209 (2d Cir. 1991).

Get a Document by Citation... Case 3:03-cv-01096-RNC Document 80-2 U.S. Dist. LEXIS 17094 Filed 08/02/2004 Page 7 of 8

Page 7 of 8

Against this backdrop, the Court concludes that summary judgment [*14] is inappropriate as to Defendants' constructive notice claim given the disputed issue as to how long the alleged dangerous condition existed before the accident. In support of their argument that the alleged hazardous condition did not exist for a sufficient length of time to permit Defendants' employees to discover and remedy it, Defendants offer the testimony of two employees. Kristina Laster, Defendants' shift supervisor on the night of the accident, testified that the restaurant has a general policy that trays stacked atop a trash receptacle should be removed every five to ten minutes. (See Laster Depo., Ex. D of Shanley Aff., at 14.) Linda Davis, the general manager at the restaurant, testified that on the evening of the accident Defendants' employees removed trays from atop the trash receptacle every ten to fifteen minutes. (See Davis Aff, Ex. E of Shanley Aff., P 4.) Thus, according to Defendants' account, while Plaintiffs dined, trays would have been removed from atop the trash receptacle on at least four occasions.

In an affidavit submitted after Defendants' summary judgment motion papers were served, Plaintiff Gwendolyn Jimenez contends that while Plaintiffs dined [*15] at the restaurant for forty-five minutes she did not observe either a customer deposit or an employee remove trays from atop the receptacle. (See Gw. Jimenez Aff. P 2.) Although the Court may be suspect of Plaintiff Gwendolyn Jimenez's affidavit, in which she states for the first time in this case that Plaintiffs had been in the restaurant for forty-five minutes before the alleged incident, the Court may not engage in a weighing of credibility when considering this motion. Given Gwendolyn Jimenez's affidavit, the Court must conclude that a jury may infer that the alleged dangerous condition--the trays stacked atop the trash receptacle--existed for a sufficient length of time prior to the accident that would have permitted Defendants' employees to discover and remedy it. In sum, a trier of fact could draw a reasonable inference that the alleged dangerous condition existed for a long enough period of time, such that Defendants could be charged with constructive notice of it. See, e.g., Deluna Cole v. Tonali, Inc., 303 A.D.2d 186, 754 N.Y.S.2d 643, 644 (1st Dep't 2003) (finding that because alleged hazardous condition may have existed for five to eight minutes, Defendants [*16] had sufficient time to remedy condition); Rose v. ECIB USA, 259 A.D.2d 258, 686 N.Y.S.2d 19, 21 (1st Dep't 1999) (reasoning that plaintiff's assertion that greasy spot on floor of restaurant existed for fifteen minutes was sufficient to take the question of constructive notice to the jury); Catanzaro v. King Kullen Grocery Co., 194 A.D.2d 584, 599 N.Y.S.2d 74, 75 (2d Dep't 1993) (holding that a jury could find constructive notice where a plaintiff's evidence suggested that a condition was created between ten and thirty minutes before an accident).

While the matter may very well appear different at trial, Plaintiffs have, at least for purposes of summary judgment, established a genuine issue of material fact as to whether Defendants had constructive notice of the alleged dangerous condition. Accordingly, Defendants' motion for summary judgment of Plaintiffs' constructive notice claim is denied.

IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART as follows: Defendants' motion for summary judgment on Plaintiffs' claims that Defendants created the dangerous condition and [*17] that Defendants had actual notice of the dangerous condition is granted. Defendants motion for summary judgment on the issue of constructive notice is denied.

The parties are directed to appear before the Court on October 10, 2003 at 9:30a.m., at which time the Court will schedule a trial date for Plaintiffs' remaining constructive notice claim.

So Ordered: September 29, 2003

Get a Document by Citation - U.S. Dist. LEXIS 17094
Case 3:02-cv-01096-RNC   Document 80-2   Filed 08/02/2004   Page 8 of 8
Page 8 of 8

Richard Conway Casey, U.S.D.J.

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 17094**
View: Full
Date/Time: Friday, July 9, 2004 - 12:59 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.