UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERALD CODERRE, | : |
| Plaintiff, | : |
| v. | :    CASE NO. 3:02CV1096(RNC) |
| EDWARD PESANTI, ET AL., | : |
| Defendants. | : |

RECOMMENDED RULING ON PLAINTIFF'S MOTION
TO STOP REPRISALS, RETALIATION AND HARASSMENT

The plaintiff, a state inmate appearing pro se, commenced this action pursuant to 42 U.S.C. § 1983 against Dr. Edward Pesanti, Dr. Edward Blanchette, Dr. Germain Bianchi and Nurse Enrica White alleging that he received delayed medical care for his Hepatitis C while incarcerated. Pending before the court is the defendants' motion to stop reprisals, retaliation and harassment. (Doc. #52.) For the reasons set forth below, the court recommends that the motion be denied.

I.   Factual Background

Plaintiff claims that at some time prior to September 29, 2003, he sought to gain access to his personal medical file, which was being held by an entity called Correctional Managed Health Care ("CMHC") on behalf of the State of Connecticut Department of Corrections ("DOC"). Plaintiff alleges that when he initially sought to review it, the file was not complete. Plaintiff was

subsequently told by DOC representatives that at least a portion of the file was lost. Plaintiff states that the complete file subsequently was found on December 18, 2003, but that as of the date of plaintiff's motion, January 8, 2004, he had not yet been provided access to the file. Plaintiff contends that these actions constitute harassment and retaliation (presumably for the instant lawsuit) – and therefore requests "the assistance of the court to stop the retaliation and harassment."

Defendants contend, on the other hand, that the plaintiff has twice been given copies of his complete medical file. Specifically, defendants claim that they sent him a complete copy of his medical file on June 5, 2002, in the context of a habeas corpus action brought by the plaintiff.[1] In addition, defendants claim that a complete copy of the plaintiff's medical records was brought to his deposition in this case. In fact, the defendants point out deposition testimony from the plaintiff on October 29, 2003, where the plaintiff states "I got my full complete medical file right here."[2] (Deposition Transcript of Gerald Coderre, October 29, 2003 at p. 9.) Finally, defendants contend that

---

[1] Defendants also note that they sent the plaintiff an update of his medical file on July 12, 2002, in an effort to ensure that the plaintiff maintained a complete file.

[2] Defendants further note that "plaintiff did not notify defense counsel at any point prior to his deposition that medical records from his incarceration going back as far as 1996 were missing."

subsequent to the deposition, plaintiff was sent an entire second set of his medical records, which he received on November 11, 2003. Plaintiff actually admits this fact in the text of his motion. Consequently, defendants contend that plaintiff's motion is without merit.

II. Governing Law

The Second Circuit has recognized that prison officials may not retaliate against prisoners for exercising their constitutional rights. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citing Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988)). Nevertheless, "because we recognize . . . the ease with which claims of retaliation may be fabricated, we examine prisoners claims of retaliation with care." Colon, 58 F.3d at 871 (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)). A plaintiff alleging retaliation "bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating fact in the prison officials' decision to discipline plaintiff." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citing Mount Healthy School Dist. v. Doyle, 429 U.S. 274, 287 (1977)).

III. Discussion

Because the plaintiff is requesting that this court issue an

order restraining the defendants from taking certain action (i.e., an order that the defendants stop reprisals, retaliation and harassment), the court construes the plaintiff's motion as a request for an injunction.  "To secure a preliminary injunction in district court, the moving party must demonstrate '(1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.'"  MONY Group, Inc. V. Highfields Capital Management, L.P., 368 F.3d 138, 143 (2d Cir. 2004) (quoting Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144, 149 (2d Cir.1999)).

The court need not address whether or not the plaintiff has established irreparable harm[3] because the plaintiff has clearly failed to establish the second prong of the test.  Specifically, the plaintiff has failed to establish a "likelihood of success on the merits."  As stated above, the defendants have demonstrated in response to this motion that plaintiff has received a complete copy of his medical file on two separate occasions.  In fact, plaintiff testified at his deposition, on October 29, 2003, that "I got my

---

[3]"Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2nd Cir. 1999) (citation omitted).

full complete medical file right here." (Deposition Transcript of Gerald Coderre, October 29, 2003 at p. 9.) In addition, the plaintiff himself admits on page two of his motion that he received a copy of his medical file from defendants' counsel on November 11, 2003.

For these same reasons, plaintiff has also failed to establish "sufficiently serious questions going to the merits of the case." MONY Group, 368 F.3d at 143. Not only has the plaintiff failed to establish that he was actually denied access to his medical file, but he has also failed to establish how it would have affected the outcome of the action. The crux of this case is whether the defendants violated the Eighth Amendment with respect to their medical treatment of the plaintiff. Specifically, the plaintiff alleges that his treatment was delayed by a decision to deny him treatment on June 26, 2001. Plaintiff does not dispute that he received a complete copy of his medical file in June 2002, with updates following thereafter. Whether the plaintiff was given access to his full medical file again in late 2003 or early 2004, and if so, how often, will have no bearing on the outcome of this action.

Based on the foregoing, the plaintiff has failed to establish that he is entitled to the injunctive relief that his motion requests.

III. Conclusion

For these reasons, the court recommends that the defendants' motion to stop reprisals, retaliation and harassment (doc. #52) be DENIED.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated at Hartford, Connecticut this 30th day of August, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge