UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERALD CODERRE,

    Plaintiff,

V.                                CASE NO. 3:02-CV-1096(RNC)

EDWARD PESANTI, ET AL.,

    Defendants.

RULING AND ORDER

    Gerald Coderre, a Connecticut inmate who has chronic Hepatitis C, brings this action pursuant to 42 U.S.C. § 1983 against four defendants alleging violations of his rights under the Eighth and Fourteenth Amendments. The crux of his complaint is that the defendants, all medical personnel providing health care services to persons in the custody of the Connecticut Department of Correction ("DOC"), failed for a period of time to provide him with treatment for his disease due to cost considerations. Plaintiff is now receiving treatment and his Hepatitis C appears to be under control. The case is now before the court on a motion for summary judgment. For the reasons stated below, the motion is granted in part and denied in part without prejudice.

I.    Facts

    Plaintiff has been in and out of DOC custody since 1996. He

has a long history of substance abuse, which can lead to Hepatitis C. Most people with chronic Hepatitis C are asymptomatic, but serious liver problems can result from the disease, although they generally take decades to develop. At the time of the events at issue here, the accepted form of treatment consisted of a course of drug therapy involving the drug interferon. A course of interferon therapy cost from $24,000 to $33,000 per patient. DOC's treatment guidelines restricted eligibility for this costly therapy to inmates who had not used cocaine or intravenous drugs for at least six months before entering DOC custody and whose sentences exceeded five years.

In June 2001, defendant Dr. Bianchi submitted a request to defendant Dr. Pesanti, a member of DOC's Utilization Review Committee ("URC"), that plaintiff be seen by a specialist to determine whether he should receive interferon therapy. Plaintiff had been diagnosed with Hepatitis C several years earlier, and blood tests showed that he had elevated levels of the liver enzymes AST and ALT, which would be consistent with chronic Hepatitis C. Dr. Bianchi allegedly told the plaintiff that requests for interferon therapy were rarely granted because of cost. His request for a consultation was denied by Dr. Pesanti the next day. The sole reason given for the denial was plaintiff's failure to complete a substance abuse course. As of that date, plaintiff had been sober and drug free for more than

six months. Plaintiff subsequently applied for admission to a DOC substance abuse program but was placed on a waiting list.

In November 2001, plaintiff filed a medical grievance protesting DOC's failure to provide him with treatment. Defendant Nurse White denied the grievance citing DOC's guidelines regarding eligibility for treatment. Plaintiff appealed the denial of the grievance but got no relief.

In June 2002, plaintiff filed this action in an effort to get medical treatment. He was subsequently paroled then readmitted into DOC custody in March 2003. In July 2003, he began receiving interferon therapy. Blood tests indicate that he has responded well.

Plaintiff's complaint alleges that defendants' failure to provide him with treatment violated the Eighth Amendment's prohibition against cruel and unusual punishment, as well as his Fourteenth Amendment right to equal treatment. The complaint also alleges that the defendants conspired to deprive plaintiff of his civil rights. In addition, the complaint alleges a violation of the Connecticut Patient's Bill of Rights, Conn. Gen. Stat. § 19a-550. All four defendants seek summary judgment on all four claims.

II. Discussion

Summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled

to judgment as a matter of law. Fed R. Civ. P. 56(c). The court must review the record as a whole, credit all evidence favoring the nonmovant, give the movant the benefit of all reasonable inferences, and disregard all evidence favorable to the movant that a jury would not have to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000). The party opposing summary judgment may not rest upon mere allegations or denials, but must instead set forth specific facts showing a genuine issue for trial. Fed R. Civ. P. 56(e).

    A.  Eighth Amendment Claim

Deliberate indifference by prison officials to an inmate's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference to a serious medical need is significantly more culpable than medical negligence. To sustain a claim for deliberate indifference, an inmate must prove that he had a serious medical need, that his need for medical treatment was known to a prison official, and that the official failed to act despite his or her knowledge of a substantial risk of serious harm to the inmate. See Farmer v. Brennan, 511 U.S. 825 (1994).

Here, the basis for the deliberate indifference claim is a delay in treatment. The Court of Appeals has recognized that in such a case, the focus must be on the delay, rather than the

4

underlying condition. See Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003). It is not enough, therefore, for plaintiff to show that Hepatitis C is a serious medical condition. To sustain his deliberate indifference claim as to any of the defendants, he must prove that the defendant knew of his need for interferon therapy, and knew that a delay in providing it exposed him to a substantial risk of serious harm, yet failed to act for no legitimate reason. This is a difficult burden to meet.

Defendants have submitted affidavits stating that the delay in treating plaintiff's Hepatitis C posed no risk to him and caused him no harm. To create a genuine issue of material fact on either of these disputed points, plaintiff cannot rely on his own allegations. Rather, he must offer evidence from which a reasonable juror could find that the defendants' assertions are incorrect. Given the technical nature of the subject matter, expert testimony is required.

Whether plaintiff can obtain expert testimony to support his claim is unclear, but it is appropriate that he be given a reasonable period of time to try. Accordingly, defendants' motion for summary judgment on this claim will be denied without prejudice and plaintiff will have until December 31, 2004, to file and serve the report of an expert witness containing the information required by Fed. R. Civ. P. 26(a)(2)(B). If an expert report is filed on or before that date, defendants will

have 60 days from the date the report is filed to depose the expert and, if appropriate, renew their motion for summary judgment on this claim. If no expert report is filed, defendants may file a renewed motion for summary judgment on this claim on or before January 15, 2005.

  B.  Conspiracy Claim

Defendants' motion for summary judgment on plaintiff's conspiracy claim is granted. To defeat the motion with regard to this claim, plaintiff cannot rely on general allegations. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999). Proof of specific facts showing agreement to deprive plaintiff of his right to adequate treatment and concerted action is required. The mere fact that none of the defendants ensured that he got treatment is insufficient. Plaintiff offers nothing more. Thus, defendants are entitled to summary judgment on this claim.

  C.  Equal Protection Claim

To sustain a claim for a violation of his right to equal treatment by state officials, plaintiff must prove that he was denied treatment given to similarly situated persons. See Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001). In response to defendants' motion, he offers no evidence that a similarly situated person got treatment. Accordingly, the defendants are entitled to summary judgment on this claim.

D.  Patient's Bill Of Rights

The Connecticut Supreme Court recently held that the Patient's Bill of Rights does not apply to correctional facilities.  See Wiseman v. Armstrong, 850 A.2d 114 (Conn. 2004) Summary judgment is therefore appropriate on this claim.

III. Conclusion

For the foregoing reasons, the motion for summary judgment (Doc # 55) is granted in favor of all defendants with regard to plaintiff's conspiracy and equal protection claims and denied without prejudice with regard to the eighth amendment claim.

So ordered.

Dated at Hartford, Connecticut this 30th day of September 2004.

```
                          Robert N. Chatigny
                          United States District Judge
```