**FILED**

2004 NOV -5  A 11: 19

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERALD CODERRE          :      CIVIL NO. 3:02CV1096 (RNC)
*Plaintiff*

V.

DR. EDWARD PESANTI, ET AL.
*Defendants*          :      NOVEMBER 2, 2004

## MOTION FOR APPOINTMENT OF REPLACEMENT COUNSEL

The plaintiff, Gerald Coderre, respectfully requests that the Court appoint

December 7, 2004.          Coderre v. Pesanti
                          3:02CV01096 (RNC)

Re:  Plaintiff's Motion for Appointment of Replacement Counsel (Doc. # 91).

Denied.  The record does not demonstrate that plaintiff's claims have
sufficient merit to warrant appointment of counsel.  See Cooper v. A.
Sargenti Co., Inc., 877 F.2d 170 (2d Cir. 1989).  Under our system, a
person who believes he has a malpractice claim but cannot afford to pay a
lawyer must try to find a lawyer willing to review the case at no charge
and arrange for an expert to review the case as well.  In civil rights
cases, a plaintiff who believes he is a victim of deliberate indifference
to serious medical needs is in a similar position, except the fee-shifting
statute applicable to such claims provides a lawyer with the added
incentive of being paid a reasonable hourly rate if the client wins,
regardless of the amount of the verdict.  In either situation, potentially
meritorious claims may not be pursued because the potential recovery is
insufficient to justify the costs of obtaining an expert (or for some other
reason).  Here plaintiff has been unable to find counsel to take his case
and we have no indication that if a lawyer were appointed an expert could
be found who would be able to testify in support of the plaintiff's claim.
Accordingly, the motion is denied.  So ordered.

FILED

2004 DEC -7
U.S. DISTRICT
HARTFORD

Robert N. Chatigny, U.S.D.J.