UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERALD CODERRE, | : | CIVIL NO. 3:03CV1096(RNC)(DFM) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD PESANTI, ET AL., | : | FEBRUARY 3, 2005 |
| *Defendant* | | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANTS RENEWED MOTION FOR SUMMARY JUDGMENT

**FACTS**

On February 24, 2004, defendants filed a motion for summary judgment. On September 30, 2004, the court granted the defendants' motion for summary judgment as to plaintiff's conspiracy claim and his equal protection claim. The court denied the motion as to plaintiff's deliberate indifference claim but stated:

> Here, the basis for the deliberate indifference claim is a delay in treatment. The Court of Appeals has recognized that in such a case, the focus must be on the delay, rather than the underlying condition. See Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003). It is not enough, therefore, for plaintiff to show that Hepatitis C is a serious medical condition. To sustain his deliberate indifference claim as to any of the defendants, he must prove that the defendant knew of his need for interferon therapy, and knew that **delay in providing it exposed him to a substantial risk of serious harm, yet failed to act for no legitimate reason**. This is a difficult burden to meet. Defendants have submitted affidavits stating that they delay in treating plaintiff's Hepatitis C posed no risk to him and caused him no harm. To create a genuine issue of material fact on either of these disputed points, plaintiff cannot rely on his own allegations. Rather, he must offer evidence from which a reasonable juror could find that the defendants' assertions are incorrect. Given the technical nature of the subject matter, expert testimony is required. Whether plaintiff can obtain expert testimony to support his claim is unclear, but it is appropriate that he be given a reasonable period of time to try. Accordingly, defendants' motion for summary judgment on this claim will be denied without prejudice and plaintiff will have until December 31, 2004, to file and serve the report of an expert witness containing the information required by Fed. R. Civ. P. 26(a)(2)(B).

(emphasis added).

In accordance with the district court's order, plaintiff has submitted a letter from Dr. Jonathan Israel. Dr. Israel confirms several facts raised by the defendants in support of their summary judgment motion. Specifically,

> [1.] **Mr. Coderre was treated with Pegasys and Copegus and had a good response, with eradiction of the hepatitis C**. He had normalization of his liver enzymes and the HCV was undetectable in his blood. No subsequent liver biopsy was done, nor should it have been done. It is presumed by people who treat hepatitis C that if one eradicates the virus and the liver enzymes return to normal, then the liver inflammation goes away. . . .
> [2] **[I]t is quite unlikely that a delay of 2 or 3 years in his treatment would have caused additional harm to his liver.**
> [3] As far as the symptoms he experienced with muscle and joint aches in March 2002, they **could** have been due to the hepatitis C virus. There is a condition known as cryoglobulinemia, which is caused by hepatitis C infection, which can cause joint pains. There is a **10 to 15 percent risk** that those chronically infected with hepatitis C can develop cryoglobulinemia. Treating Mr. Coderre in 2001 would have obviated this risk.

(emphasis added).

Thus, the only evidence that plaintiff offers to defeat defendant's motion for summary judgment is that there is a 10 to 15 percent chance that the muscle and joint aches he suffered in March 2002, were due to his chronic Hepatitis C infection. However, as a matter of law, this speculation is insufficient to withstand defendant's motion for summary judgment.

### **ARGUMENT**

"An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed." <u>R.T. v. Gross</u>, 298 F. Supp. 2d 289, 296-97 (N.D. N. Y. 2003)(emphasis added) citing <u>Dulany v. Carnahan</u>, 132 F.3d 1243, 1243 (8th Cir. 1997)and <u>Hill v.

Dekalb Regional Youth Detention Ctr, 40 F.3d 1176, 1188 (11th Cir. 1994) overruled in part on other grounds Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508 (2002)(overruling qualified immunity standard); see also, Evans v. Bonner, 196 F.Supp. 2d 252, 258 (E.D.N.Y. 2002) also citing Hill.

If the evidence is not significantly probative, the state officials are entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  Plaintiff "may not rely simply on conclusory allegations or **speculation**  to avoid summary judgment, but instead must offer evidence to show that '[his] version of the events is not wholly fanciful.'" Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999) ( § 1983 action)(quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998)); see also Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 681 (9th Cir. 1985).

Here, defendants cannot be deemed to be deliberately indifferent in delaying plaintiff's Hepatitis C treatment because there was a 10 to 15 percent chance that plaintiff would suffer non-permanent muscle/joint aches and pain.  Quite simply, a 10 to 15 percent chance of non-permanent muscle/joint aches and pain cannot be deemed "a substantial risk of serious harm."   Accordingly, there is no genuine issue of material fact and summary judgment should issue in defendants' favor.

In addition, plaintiff already placed before this court speculative evidence that his muscle aches and pains "could" have been due to his untreated hepatits C.  More specifically, on page 4 of his July 16, 2004 Supplemental Memorandum of Law in Opposition to Motion for Summary Judgment, the plaintiff argued, "The defendants have admitted that medical problems such as those

3

experienced by the plaintiff during the period in question **can** be symptoms of chronic liver disease associated with Hepatitis C. (Exhibits Q[1] and LL[2] to Coderre affidavit.)" (emphasis added).

Thus, the recent submission by plaintiff offers no more evidence that he was harmed by a delay in the treatment, than the plaintiff's submissions dated June 23, 2004 and July 16, 2004. Indeed, according to plaintiff's most recent submission there is only a 10 to 15 percent chance that one will develop muscle aches and pains from Hepatitis C. Speculation, based upon Dr. Blanchette's and Dr. Pesanti's answers to request for admission, that plaintiff's aches and pains were caused by his hepatitis C was previously found by the court to be insufficient to defeat defendants' motion for summary judgment. Dr. Israel's statement that 10 to 15 percent of people develop muscle aches and pains from hepatitis C and thus plaintiff's complaints of muscle pain **could** be attributable to his Hepatitis C is more of the same, continued, speculation. Defendants' motion for summary judgment should be granted.

Finally, plaintiff has not offered any medical evidence to counter the following facts in paragraph 43 of Defendants' Local 56(a)(2) Statement:

---

[1] Specifically, the question and response to number 8 to the Requests for admission directed to Dr. Pesanti, Exhibit Q, was as follows:

> 8. Abdomen pain, headaches, constipation, aches and joint pains, chronic fatigue, muscle aches, nausea, renal conditions could be symptoms of chronic (HCV) liver disease.
> Response: Most individuals diagnosed with Hepatitis C have no symptoms. Admit only that infrequently individuals with Hepatitis C can have these symptoms, with the exception of constipation. However, these symptoms can also be indicative of numerous other conditions.

[2] Similarly, the question and response to number 12 to the Requests for admission directed to Dr. Blanchette, Exhibit LL, was as follows:

> 12. Is abdomen pain, headaches, nausea, muscle aches and joint pains, chronic fatigue, constipation and renal conditions they could be symptoms of chronic (HCV) liver disease.
> Response: Most individuals diagnosed with Hepatitis C have no symptoms. Infrequently individuals with Hepatitis C can have these symptoms you set forth with the exception of constipation. However, these symptoms can also be indicative of numerous other conditions.

> The interferon treatment available in 1998, 1999, 2000, or 2001, and even in the summer of 2002 was not as good as the current treatment.  Affidavit of Dr. Bianchi par. 37; Affidavit of Blanchette par. 31;  Affidavit of Dr. Pesanti par. 28; Affidavit of Dr. Gittzus par. 10.  **The side effects were much more frequent and the success rate in clearing the virus was lower**.  Affidavit of Dr. Bianchi par. 37;  Affidvit of Dr. Blanchette par. 31;  Affidavit of Dr. Pesanti par. 28;  Affidavit of Dr. Gittzus par. 10.

(Emphasis added).

In this same vein, Dr. Israel did not counter the following facts where were set forth in paragraphs 44 and 45 of Defendants' Local 56(a)(2) Statement:

> The U.S. Food and Drug Administration did not approve combination therapy with Pegasys and ribavirin until December 3, 2002.  Affidavit of Dr. Bianchi par. 38; Affidavit of Dr. Blanchette par. 32; Affidavit of Dr. Pesanti par. 29; Affidavit of Dr. Gittzus par. 11.
> 45.  The approval of Pegasys interferon was an important milestone for the treatment of Hepatitis C patients.  Affidavit of Dr. Bianchi  par. 39; Affidavit of Dr. Blanchette par. 33;  Affidavit of Dr. Gittzus par. 12.  Pegasys is a pegylated interferon that remains active in the bloodstream longer and at a more constant level than the previous medications used in the treatment of Hepatitis C.  Affidavit of Dr. Bianchi par. 39; Affidavit of Dr. Blanchetter par. 33; Affidavit of Dr. Gittzus par. 12; Affidavit of Dr. Pesanti par. 30.

Quite simply, plaintiff has failed to counter defendants' motion for summary judgment with proof that the delay in providing him with interferon treatment exposed plaintiff to a substantial risk of serious harm.  At best, plaintiff has repackaged his speculative claim that he suffered from muscle aches and pains because he did not receive hepatitis C treatment.  However, plaintiff offers no evidence to counter  the facts that 1) the hepatitis C treatments improved after September 2002, 2)  the new treatments have a greater success rate in clearing the virus and 3) the side effects with the new treatment are much less frequent.  Quite simply, there is no genuine issue of material fact in this case.  A reasonable juror could not rely upon Dr. Israel's statement and conclude under the eighth amendment that plaintiff was harmed by the delay in his hepatitis C treatment.

Wherefore all the foregoing reasons, and those set forth in the defendants' previous submissions to the court in support of their summary judgment motion, the defendants respectfully submit that their summary judgment motion should be granted.

                                    DEFENDANTS
                                    Edward Pesanti, Et Al.

                                    RICHARD BLUMENTHAL
                                    ATTORNEY GENERAL

BY:    __/s/_____
        Ann E. Lynch
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Tel.: (860) 808-5450
        Fax: (860) 808-5591
        E-mail: ann.lynch@po.state.ct.us
        Federal Bar #ct08326

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this ____ day of February 2005:

    Gerald Coderre, Inmate #245210
    Enfield Correctional Institution
    289 Shaker Road
    P.O. Box 1500
    Enfield, CT 06082

    Richard Cahill, Esq.
    Schuman and Associates
    Inmates Legal Assistance Program
    78 Oak Street, P.O. Box 260237
    Hartford Ct 06126-0237

                                      __/s/_____
                                      Ann E. Lynch
                                      Assistant Attorney General