Gerald Coderre
Plaintiff                    Civil NO. 3:02CV1096 (RNC)

V.

DR. EDward Pesanti ET. AL
Defendants

March 15, 2005.

## MOTION TO EXCUSE EXPERT TESTIMONY BASED ON THE FOLLOWING FACTS

1.) On February 24, 2004 The Defendants Filed a Motion for summary Judgement.

2.) AFter Numerous Replys The Court on sept 30, 2004 Ruled The Defendants Motion for summary Judgement on The Deliberate InDifference was Denied without PreJudice

3.) The Court Gave The Plaintiff until December 31, 2004 To Come up with expert Testimony Based on the Court Ruling That The Delay in

Treatment Posed a Risk of Injury.

4.) The Plaintiff Filed a Motion For Appointment of Replacement Counsel Due to the Fact That an Attorney who had taken The Plaintiffs Case had to withDraw to honor her oath as an Attorney due to A Conflict of Interest of one of The Firms Attorneys knowing one of The Defendants Motion enclosed. exhiBit A

5.) On December 7, 2004 The Court Denied The Plaintiffs Motion. stating that The Plaintiff has Been Unable to Find Counsel The Plaintiff did (see 4.) The Court also Indicated That There was No Reason to believe that an expert Could Be Found to support The Plaintiffs claim enclosed exhiBit B.

6.) On January 28, 2005 The Plaintiff Filed an expert Report Compliance and order to File and Serve Report of expert witness.

7.) On February 3, 2005 The Defendants Filed a Renewed Motion for Summary Judgement Based on The Report of DR. Jonathan Isreal.

8.) Due to a Conflict Between The Plaintiff and an Assisting Attorney of Inmates Legal Assistance Richard Cahill esq.. The Plaintiff Filed The Opposition 2/10/05.

9.) The Assistance of Richard Cahill Led The Plaintiff to Believe That Filing the Report was in My Best Interest That The Report Could Not Be Used Because it wasn't sworn testimony, deposition or an Affidavit (see PGs 1-2 of Plaintiffs opposition For Renewed Summary Judgement.) Also see PGs 28-27

10.) Due to Past Conflicts of Medical Records The Defendants Never Sent a Complete Medical File to I.L.A.P Richard Cahill Prior to Giving Medical File Richard Cahill would Not Agree to A prior Meeting to Coincide Files

11.) The I.L.A.P Richard Cahill would Not Let Plaintiff speak to The Medical expert and would Not Ask Questions Posed By Plaintiff instead Posing The Important Questions to I.L.A.P Medical File Reviewer who is Not Board Certified in the state of Connecticut

12.) The Medical expert obtained By I.L.A.P would Not examine the Plaintiff. Let alone talk to The Plaintiff.

13.) Mr Richard Cahill has an ethical Duty as an Officer of The Court I.L.A.P in General To Present any Conflicts of Interest in any Situation That Might Arise during Litigation to The Pro-se Plaintiff because of The Assistance.

14.) The I.L.A.P, Richard Cahill Ignored The Facts That DR. Jonathan Isreal was and or is employed is an Active participant in the Board as a Clinical Assistant Professor of Medicine at The University of Connecticut eather voluntarily or on Payroll additionally DR. JohnaThan Isreal was clinical instructor University of Connecticut from 1991-93 and as Clinical Assistant Professor of Medicine at The University of Connecticut From 1993 to Present.

15.) Correctional Managed Health Care and The defendants Are employed By the University of Connecticut as Doctors in the same Field Gastroenterology, Hepatology This creates a Genuine Issue of Conflict Richard Cahill I.L.A.P knew Prior to the

Report of The existing Conflict But did Nothing in which he had a Duty to the client to Reveal The Conflict and Not To obtain This Doctor. Also Infectias Disease. The Doctors Practice in.

16.) DR. Jonathan Isreal had an ethical Duty to Recuse himself as Medical expert knowing that The Defendants Are employed By The University of Connecticut. The Medical File Clearly Revealed The Presence of The University they are Marked on every Page The Affidavits of The defendants were Given to Mr Isreal which showed The Defendants were Doctors of Uconn. This in and of itself would Preclude and expert To Recuse himself. Before submitting an opinion

17.) The Report Could Be PreJudice and as I Believe Prior to learning of The Conflict Concluded That The Report was viewed and Favored The Defendants as is Pointed out In The Plaintiffs opposition to Renewed Summery Judgement February 10, 2005

18.) wether DR. Isreal knew the Defendants Personally as Friends and or Aquanticences

do Not Matter even if he didn't know them The Fact is The Defendants and DR. Isreal had a Direct Relationship as with The University of Connecticut That is a Conflict of Interest I.L.A.P Richard Cahill and DR. Isreal had a Duty to for see this Matter as one and violated That Duty.

19.) The view expressed By DR. Isreal That The Delay of 2-3 years exposed No Risk of Harm to the Plaintiff Could Be PreJudice in the light of The Fact That in the Plaintiffs opposition to ReNewed summery Judgetent Feb 10, 2005 PG, 17-18 show a Direct Conflict in DR. Isreals testimony On another Case with The same Diagnosis as the Plaintiff in the Residing Case.

20.) The Plaintiff submitted Exhibit A in The opposition to ReNewed summery Judgetent which Refutes DR. Isreals Conclusion of The 2-3 year Delay Caused No Harm PG-16 on the Reply In the long term the Reduced Risk for Cirrhosiss Associated with Immediate Therapy. The benefit of Immediate Therapy decreased the likelihood and proportion severed.

23.) The Prison system in Connecticut Does Not

The ethical standards Applied in this Case to the Plaintiff.

24.) The Plaintiff is asking the Court to Reconsider The Motion for Replacement Counsel To Recieve effective Assistance in Both aspects Legally and as in the Medical expert That Can be obtained Thru the Assistance of Counsel.

25.) The Court has Construed The Record of The Plaintiffs claim as Sufficent merritt as to Not to warrant Counsel. The Plaintiff has Presented under the Circumstances sufficent evidence to overCome the Summary Judgement of The Defendants as is Displayed In The opposition for Renewed Summary Judgement.

26.) Additionally the court Ruled in Denying the Motion for Replacement Counsel as No Indication that an expert could Be Found. The Fact is an expert was Found Maybe Not so Much as to support The Plaintiffs view But absent The Connection which was Apparent and Prejudice that another

expert Could Be Found is Highly likely and would express an unBias unPreJudice view as to Render a Medical expert opinion That The Facts Present.

27.) Perhaps This time an expert will Consult with The Plaintiff and Be ABle to ask Questions in My Defense.

28.) The evidence That DR. Jonathon Isreal had a Direct Connection with The University of Connecticut and May know The Defendants Personally By Connection to The Medicine Dept itself and the Field of Hepatology and Infectious Disease is Relevant. The Compliance with order to File and serve expert Report of expert witness Dated January 27, 2005 exhiBit B Curriculum Vitae Faculty Appointments PG-1
~~101-105~~ clinical Assistant Professor of Medicine University of Connecticut 1993 to Present
1991 to 93 clinical Instructor university of connecticut.
I have Presented to the Court the Direct Conflict of Interest of the Partys

involved I.L.A.P and Doctor
The Fact That The Plaintiff Cannot effectively Represent himself in this Case is a Direct Cause of This

21.) The Plaintiff has offered evidence to support the views expressed in this Motion in all aspects. Additionally the Plaintiff has supported his motion for opposition to Renewed Summary Judgement with Additional evidence of Fact expressed in The Supplemental Affidavit 2/10/05 of The Plaintiff To Support Pain and suffering By The Plaintiff to overcome Summary Judgement

I Gerald Cadevre Respectfully ask The Court To Appoint Counsel in this Case because There is sufficient merrit to warrant Appointment of Counsel. I also Respectfully ask the Court To Recind as Moot The Medical expert testimony as a Conflict of Interest and to also Resolve this Matter Appropiately as to this will Not happen again with a Pro-se Plaintiff with The I.L.A.P and a Medical expert thru Them Respectfully

#245210
Gerald Cadevre Plaintiff

Exhibit A

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERALD CODERRE<br>*Plaintiff* | : | CIVIL NO. 3:02CV1096 (RNC) |
| V. | | |
| DR. EDWARD PESANTI, ET AL.<br>*Defendants* | : | NOVEMBER 1, 2004 |

### MOTION FOR APPOINTMENT OF REPLACEMENT COUNSEL

The plaintiff, Gerald Coderre, respectfully requests that the Court appoint replacement counsel to represent him in the above-captioned matter. In support of this request, the plaintiff submits the following:

1. The plaintiff, who is an inmate sentenced to the custody of the Connecticut Department of Correction, filed this action pro se. The defendants are prison medical personnel who denied the plaintiff treatment for Hepatitis C, in violation of the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

2. The plaintiff was granted in forma pauperis status on July 18, 2002.

3. On July 23, 2003, the plaintiff filed a motion for professional consultation, seeking an independent medical examination by a gastroenterologist.

4. The Court denied the motion for professional consultation on November 19, 2003, ruling that 28 U.S.C. § 1915 does not authorize the payment of such an expense.

5. On December 19, 2003, the plaintiff filed a motion for appointment of counsel.

6. On March 18, 2004, Attorney Margaret A. Rutherfurd was appointed as pro bono counsel. Attorney Rutherfurd filed a notice of appearance.

7. On April 6, 2004, Attorney Rutherfurd filed a motion to withdraw her appearance. The motion cited an "unforeseen conflict of interest with one of the defendants."

8. On April 22, 2004, Attorney Rutherfurd's motion to withdraw was granted.

9. After the motion to withdraw was granted, the plaintiff responded to a motion for summary judgment filed by the defendants. The plaintiff received help from Inmates' Legal Assistance Program ("ILAP") in preparing the response.

10. ILAP has a contract with the Connecticut Department of Correction to assist inmates with civil legal matters. The contract does not include representation of inmates before any court or administrative body.

11. Subsequent to the filing of this action, the plaintiff began receiving treatment for Hepatitis C. In their motion for summary judgment, the defendants argued that the delay in treating the plaintiff posed no risk to him and caused him no harm.

12. On September 30, 2004, the Court granted the motion for summary judgment in part and denied it without prejudice in regard to the Eighth Amendment claim.

13. The Court ruled that expert testimony was required to create a genuine issue of material fact in regard to whether the delay in treatment posed a risk to the plaintiff and caused him harm.

14. The Court gave the plaintiff until December 31, 2004, to file and serve the report of an expert witness. If no expert report is filed, the defendants may file a renewed motion for summary judgment on or before January 15, 2005.

15. The plaintiff is indigent and has no funds with which to retain an expert witness.

16. Rule 83.10 of the Local Rules of the United States District Court for the District of Connecticut allows an appointed attorney to request an order authorizing expenses of the litigation.

17. If a replacement for Attorney Rutherfurd is appointed, the replacement attorney will be able to request an order authorizing expenditure of funds to retain an expert witness.

18. Appointment of replacement counsel would be more likely to lead to a just determination of this action.

WHEREFORE, the plaintiff respectfully requests that the Court grant this motion for appointment of replacement counsel.

THE PLAINTIFF

*/s/ Gerald Coderre*

Gerald Coderre, Pro Se
Inmate #245210
Enfield Correctional Institution
289 Shaker Road
P.O. Box 1500
Enfield, CT 06082

Although not appearing herein, the undersigned assisted in the preparation of this motion:

*/s/ Richard P. Cahill*

Richard P. Cahill, Esq.
Schulman & Associates
Inmates' Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford, CT 06126-0237
Tel: (860) 246-1118
Fax: (860) 246-1119

4

Exhibit

B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERALD CODERRE<br>*Plaintiff* | : CIVIL NO. 3:02CV1096 (RNC) |
| V. | |
| DR. EDWARD PESANTI, ET AL.<br>*Defendants* | : NOVEMBER 2, 2004 |

## MOTION FOR APPOINTMENT OF REPLACEMENT COUNSEL

The plaintiff, Gerald Coderre, respectfully requests that the Court appoint

---

December 7, 2004.        Coderre v. Pesanti
                         3:02CV01096 (RNC)

Re:  Plaintiff's Motion for Appointment of Replacement Counsel (Doc. # 91).

Denied. The record does not demonstrate that plaintiff's claims have sufficient merit to warrant appointment of counsel. See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170 (2d Cir. 1989). Under our system, a person who believes he has a malpractice claim but cannot afford to pay a lawyer must try to find a lawyer willing to review the case at no charge and arrange for an expert to review the case as well. In civil rights cases, a plaintiff who believes he is a victim of deliberate indifference to serious medical needs is in a similar position, except the fee-shifting statute applicable to such claims provides a lawyer with the added incentive of being paid a reasonable hourly rate if the client wins, regardless of the amount of the verdict. In either situation, potentially meritorious claims may not be pursued because the potential recovery is insufficient to justify the costs of obtaining an expert (or for some other reason). Here plaintiff has been unable to find counsel to take his case and we have no indication that if a lawyer were appointed an expert could be found who would be able to testify in support of the plaintiff's claim. Accordingly, the motion is denied. So ordered.

                                    Robert N. Chatigny, U.S.D.J.

3/15/05

To The Clerk of The Federal District Court The Judge Mr chatigney (RNC) Needs To see This Motion Before Decideing The Renewed Motion for summery Judgement Filed 2/3/05 By The Defendants and The opposition By The Plaintiff on 2/11/05 it is Important This Motion is A Conflict with The Medical expert and A lawyer
thank you

#545210