UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERALD CODERRE, | : | CIVIL NO. 3:03CV1096(RNC)(DFM) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD PESANTI, ET AL., | : | JUNE 15, 2005 |
| *Defendant.* | | |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S
## MOTION TO WITHDRAW WITHOUT PREJUIDICE

In June 2002, plaintiff filed this action. On February 24, 2004, defendants filed a motion for summary judgment. In support of their motion for summary judgment, defendants, three physicians and one nurse attached their own affidavits, excerpts from plaintiff's deposition transcript, the affidavit of a fourth doctor, Dr. Gittzus and other exhibits. On or about June 23, 2004, plaintiff filed his papers in opposition to defendants' motion for summary judgment. Defendants filed their reply memorandum on or about July 1, 2004.

On September 30, 2004, the court granted the defendants' motion for summary judgment as to plaintiff's conspiracy claim and his equal protection claim. The court denied the motion as to plaintiff's deliberate indifference claim but stated:

> Here, the basis for the deliberate indifference claim is a delay in treatment. The Court of Appeals has recognized that in such a case, the focus must be on the delay, rather than the underlying condition. See Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003). It is not enough, therefore, for plaintiff to show that Hepatitis C is a serious medical condition. To sustain his deliberate indifference claim as to any of the defendants, he must prove that the defendant knew of his need for interferon therapy, and knew that **delay in providing it exposed him to a substantial risk of serious harm, yet failed to act for no legitimate reason**. This is a difficult burden to meet. Defendants have submitted affidavits stating that they delay in treating plaintiff's Hepatitis C posed no risk to him and

> caused him no harm. To create a genuine issue of material fact on either of these disputed points, plaintiff cannot rely on his own allegations. Rather, he must offer evidence from which a reasonable juror could find that the defendants' assertions are incorrect. Given the technical nature of the subject matter, expert testimony is required. Whether plaintiff can obtain expert testimony to support his claim is unclear, but it is appropriate that he be given a reasonable period of time to try. Accordingly, defendants' motion for summary judgment on this claim will be denied without prejudice and plaintiff will have until December 31, 2004, to file and serve the report of an expert witness containing the information required by Fed. R. Civ. P. 26(a)(2)(B).

(emphasis added).

On or about January 28. 2005, plaintiff submitted a letter from Dr. Jonathan Israel in an attempt to comply with the court's ruling. On February 3, 2005, the court reset the deadlines and allowed defendants to renew their motion for summary judgment which defendants did. On or about March 15, 2005, plaintiff filed a motion to appoint him counsel and to rescind the medical expert testimony of Dr. Israel.

On June 14, 2005, plaintiff filed a motion asking to withdraw this action without prejudice with consideration to re-file at a later date and to excuse expert testimony. Plaintiff files this motion about three years after suit was first brought and almost eighteen months after the motion for summary judgment was first filed. Plaintiff offers no explanation for filing this motion at this late date but states only, "Due to unforeseen circumstances at the time of the motion stated above, I wish to withdraw with the consideration to refile [sic] at a later date without prejudice." Defendants respectfully submit that this court should deny plaintiff's motion to withdraw this action without prejudice.

**ARGUMENT**

**Defendants Will Be Prejudiced if Plaintiff is Allowed to Withdraw Without Prejudice**

Rule 41 (a) (2) provides in relevant part: ". . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

> Voluntary dismissal without prejudice is thus not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss. . . . . Pace v Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)(dismissal without prejudice properly denied where discovery considerably advanced and defendant's motion for summary judgment pending).

Zagano v. Fordham University, 900 F.2d 12, 14  (2d Cir.) cert denied 498 U.S. 899, 112 L.Ed. 2d 213, 111 S.Ct. 255 (1990) .

> Certainly, the plaintiff's reason is relevant to the court's consideration of several of the Zagano factors. Cf. Wakefield, 769 F.2d 114 ('Weight must also be given to the fact that defendant had had to defend this claim, and considerations of fairness require some showing as to the plaintiff's need to pursue it a second time elsewhere.').

D'Alto v. Dahon California, Inc., 100 F.3d 281, 284 (2d Cir. 1996).

In Zagano, the Second Circuit upheld a district court's decision that granting a 41(a)(2) dismissal would prejudice the defendants because of the resources they spent in preparing after a trial date was set.  In D'Alto, the Second Circuit remanded the case

3

back to the district court for consideration of whether it should allow a plaintiff to withdraw without prejudice.

Here defense counsel has spent countless hours with regard to the summary judgment motion. The court's file reflects this. Defense counsel's file which contains papers pertaining to the the summary judgment motion only, is over 4 inches thick. Plaintiff files this motion to withdraw without prejudice about three years after suit was first brought and almost eighteen months after the motion for summary judgment was first filed, offering no explanation for filing this motion at this date. Plaintiff states only, "Due to unforeseen circumstances at the time of the motion stated above, I wish to withdraw with the consideration to refile [sic] at a later date without prejudice." Defendants respectfully submit that after weighing the Zagano factors, this court should deny plaintiff's motion to withdraw without prejudice.

**CONCLUSION**

Wherefore all the foregoing reasons, defendants request that plaintiff's motion to withdraw without prejudice be denied.

DEFENDANTS
Edward Pesanti, Et Al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:
\_\_\_/s/_____
Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-mail: ann.lynch@po.state.ct.us
Federal Bar #ct08326

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this ____ day of June 2005:

Gerald Coderre, Inmate #245210
Enfield Correctional Institution
289 Shaker Road
P.O. Box 1500
Enfield, CT 06082

Richard Cahill, Esq.
Schuman and Associates
Inmates Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford Ct 06126-0237

                                                 __/s/_____
                                                 Ann E. Lynch
                                                 Assistant Attorney General