July 20, 2005

The HonoraBle Robert N. Chatigny
Chief United States District Judge
United States District Court
450 Main Street
Hartford CT 06103

Re: Codarre v. Pesanti et al 3:02cv1096

Dear chief Judge Chatigny

I am writing This letter in Regards To a letter Attorney Ann E, lynch wrote your Honor she cited a Case Johnson v. wright Attached to Her letter And I believe as well as her The Case is distinguishable And Thats The Reason why The 2nd circuit Cort of Appeals Remanded it Back To The District Cort. The Cort of Appeals said 1.) every one of The treating Physicians indicated to The defendants That Prescribing Ribaviran To The Plaintiff was The Medically Appropiate Carse of Action.

The defendants in The Case at hand Agrees in There AFFidavits and I Quote From Plaintiffs opposition to ReNewed summery Judgement Dated 2/10/05 PG-14-16. The Defendants said The InterFerron treatMent Available From 1998 Through The summer of

2002 was Not as Good as The Current treatment They Recommended waiting For a better Medication Unless a Patient had severe (HCV) and or Advanced (HCV)

(Affidavit of Blanchette #31)
(Affidavit of Pesant, #28)
(Affidavit of Bianchi #37)

The liver Biopsy shows That Plaintiff had severe (HCV) on 9/9/02 see Plaintiff Affidavit 6/23/04 exhibit KK) This would Mean That According to The Defendants in there Affidavits The Plaintiff should have Been Provided with The treatment at That time (Please Read PG-14-15-16)

The Appeals Court in the 2nd Decision to Remand said, There was Conflicting evidence about whether or Not The decision Not to Prescribe Ribiviran to The Plaintiff was in Fact Medically Justifiable. The Reason was I had Not Completed a Drug Program when in Fact I tried to obtain one to Comply and I Couldn't Please see Plaintiffs Motion For Summery Judgement Dated 6/23/04 PG-6, 12-16 and evidence cited There in. Additionally on PG-19-20 If The Drug Program was Actually a Part of treat-ment he should of Made Patients such as Myself a Priority in Receiving The Program to Get The

3

Medication,

and Number 3 in The Appeals Court Decision to Remand to The District Court There was No evidence suggesting that The Defendants took any step whatsoever to investigate let alone verify whether it would be Medically Appropiate to ignore The unanimous advice of Johnsons treating Physicians. The defendants Failed to take Numerous tests as is stated in The Plaintiffs Motion for Renewed summery Judgement opposition Dated 2/10/05 PG 11 The strand of (HCV) I had was six Months in treatment The Defendants Failed to Apply This important test and is Appropiatly Pointed out By The Medical expert in Compliance to File Medical expert Testimony opinion Dated 1/22/05 DR. Isreal says This strand is the easiest to treat and outcome is More likely to succeed.

The Plaintiff has offered Medical expert opinion DR. Jonathan Isreal Concluded That The Defendants Failed to Run tests for cryroGloBulemia which is Caused By (HCV) and causes Pain and suffering to People such as I who are Advanced and severe as is Noted By The liver Biopsy.

A Reasonable Juror Could Conclude That The

Defendants ignored The (HCV) and let The Plaintiff suffer. A Reasonable Juror Could well Conclude That The Defendants have known for well over 7 years of The (HCV) in the Plaintiffs Body and Ignored The Plaintiffs Pleas of his suffering.

The smith v. Carpenter Case which was cited By your honor was a Case of Delay of other-wise Appropiate treathent which had Allready commenced

In Johnson v. wright The Case Attached to The Defendants letter In The Appeals Court Disscussion. It is Quoted as saying The operative Question in this Case is not whether The Guidelines substance Abuse Policy is Generally Justifiable but whether a Jury Could Find That The Application of The Policy in Plaintiffs Case Could have Amounted to Deliberate Indifference to Plaintiffs Medical Needs The Appeals Court believes a Jury Could also reasonably Reach a Result That The Defendants here did subjectively know of and Disregard an excessive Risk

In Conclusion The Case That The Defendants Brought about shines a light which Needed to be Brought About for a long time and

And My Thoughts and Facts does Not Control your honors decision

very truly Yours

[signature]

Pro-se
Gerald Coderre

AEL

Cc: ANN E. lynch
110 sherman st
HartFord ct 06105

By: Gerald Coderre
100 south Main sT
Norwalk cT 06854

[signature] 8/3/05