```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

GERALD CODERRE,                   :
                                  :
     Plaintiff,                   :
                                  :
V.                                :  CASE NO. 3:02-CV-1096(RNC)
                                  :
                                  :
EDWARD PESANTI, ET AL.,           :
                                  :
     Defendants.                  :
```

RULING AND ORDER

Plaintiff, a Connecticut inmate, brings this action pursuant to 42 U.S.C. § 1983 against Department of Correction medical personnel claiming that they delayed treating his Hepatitis C virus ("HCV") because they were deliberately indifferent to his serious medical need in violation of the Eighth Amendment.  The case is before me on a renewed motion for summary judgment filed by the defendants.  In a prior ruling, summary judgment was granted to the defendants on all claims in the complaint except the deliberate indifference claim.  Their motion for summary judgment on that claim was denied without prejudice to renewal in order to give plaintiff a further opportunity to obtain and present expert medical evidence to refute defendants' expert medical evidence and thus show the existence of a genuine issue for trial.  See Ruling and Order (September 30, 2004)(Doc. 89).  In according plaintiff that opportunity, I explained that to succeed on his claim with regard to any of the four defendants, he would have to prove that the defendant knew he needed interferon therapy, and knew a delay in

providing it exposed him to a substantial risk of serious harm to his liver, yet failed to act for no legitimate reason.  Since then, plaintiff has submitted the report of Dr. Jonathan Israel, who is board certified in both internal medicine and gastroenterology.  (Pl.'s Compliance With Order To File Report of Expert Witness, Ex. A ).  After careful consideration of the record as supplemented by Dr. Israel's report, I conclude that summary judgment for the defendants on the deliberate indifference claim is now appropriate and therefore grant their renewed motion.

     Dr. Israel's report, which is based on his review of plaintiff's medical records, states that the delay in providing plaintiff with interferon treatment is unlikely to have caused any additional harm to plaintiff's liver.  Dr. Israel's opinion in this regard is consistent with defendants' expert evidence.  See BianchiAff. ¶ 38; Blanchette Aff. ¶ 32; Gittzus Aff. ¶ 14; Pesanti Aff. ¶ 29.[1]

Accepting plaintiff's testimony as true, he suffered muscle and joint aches, headaches, and had difficulty urinating.  (Coderre Aff. ¶¶ 39 & 78-79.)[2]  Dr. Israel's speculation in this regard, viewed

---

[1] Plaintiff has filed a motion asking me to exclude the "testimony" of Dr. Israel [Doc. #103], and reconsider my ruling [Doc. # 92] denying his motion for replacement counsel. Plaintiff offers no justification for excluding Dr. Israel's report, and I have no reason to think replacement counsel would make any difference.  Accordingly, on reconsideration, I adhere to my previous ruling.

[2] I do not understand plaintiff to be claiming that these symptoms would have been abated by interferon treatment.  Such a claim would be unavailing in any event.  The defendants

most favorably to plaintiff, is insufficient to support a reasonable inference that plaintiff probably had developed cryoglobulinemia, or faced a substantial risk of developing it, as a result of defendants' failure to commence interferon treatment. If anything, any such inference would be at odds with Dr. Israel's opinion that the delay in treatment likely was not harmful.

Applying the summary judgment standard to the evidence, plaintiff demonstrates, at most, a disagreement with defendants regarding the proper treatment regimen for prisoners with chronic HCV. Such a showing is legally insufficient to support his constitutional claim.

Accordingly, defendants' renewed motion for summary judgment [Doc. # 55] is granted. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 30th day of September 2005.

> __/s/_____
> Robert N. Chatigny
> United States District Judge

---

have presented uncontroverted evidence that the same or similar discomfort is a side effect of interferon therapy.