# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 20th day of June, two thousand and six.

PRESENT:

> JOSÉ A. CABRANES
> CHESTER J. STRAUB
> PETER W. HALL
> > *Circuit Judges.*

------------------------------------------------x

GERALD CODERRE,

> *Plaintiff-Appellant,*

> v.                                                            No. 05-5403-pr

EDWAR PESANTI, MD; EDWARD BLANCHETTE, MD; DR. GERMAIN BIANCHI; E. WHITE, NURSE,

> *Defendants-Appellees,*

JOHN DOE, I/O,

> *Defendant.*

------------------------------------------------x

**APPEARING FOR APPELLANT:**                GERALD CODERRE, *pro se,*
                                            Norwalk, CT

**APPEARING FOR DEFENDANTS-APPELLEES:**     ANNE E. LYNCH, Assistant
Attorney General, State of
Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of
Connecticut (Robert N. Chatigny, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court is hereby
**AFFIRMED**.

Plaintiff-appellant Gerald Coderre appeals *pro se* from an order of the District Court,
*Coderre v. Pesanti*, 3:02-CV-1096, 2005 U.S. Dist. LEXIS 22787 (D. Conn. Sept. 30, 2005), which
granted defendants' motion for summary judgment and dismissed plaintiff's complaint. Plaintiff
initially alleged a violation of his Eighth Amendment rights by medical personnel at the
Connecticut Department of Corrections on the grounds that he requested and was denied
Interferon treatment for hepatitis.

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must
prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v.
Brennan*, 511 U.S. 825, 834-35 (1994). The deliberate indifference standard is comprised of an
objective and subjective component. "Objectively, the alleged deprivation must be sufficiently
serious, in the sense that a condition of urgency, one that may produce death, degeneration or
extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1994) (internal quotation
marks omitted). "Subjectively, the charged official must act with a sufficiently culpable state of
mind," *id.* (internal quotation marks omitted), meaning "something more than mere negligence,"
and akin to criminal recklessness, *see id.*

Upon a review of the record, we conclude that plaintiff has not raised a genuine issue of
material fact as to whether he had a serious medical need, *Farmer*, 511 U.S. at 835, for the
treatment he requested, and that the evidence proffered by plaintiff supports, at most, a showing
of negligence, and not one of "deliberate indifference" as is required to support an Eighth
Amendment claim, *id*; *see Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (holding that
although "[a hepatitis] infection is unquestionably a serious problem, the Eighth Amendment
issue is not whether the infection itself is a serious medical need, but rather whether [the prisoner]
had a serious medical need for prompt interferon treatment.") (internal quotation marks omitted).

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the
reasons provided by Judge Chatigny in his Ruling and Order of September 30, 2005, *Coderre*,
2005 U.S. Dist. LEXIS 22787.

\*        \*        \*        \*

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By _Lucille Carr_____